■ BONNEE LINDEN, Appellant, v LLOYD'S PLANNING SERVICE, INC., et al., Defendants, and CIGNA INSURANCE COMPANY, Respondent. BONNEE LINDEN, Appellant, v LLOYD'S PLANNING SERVICE, INC., et al., Defendants, and NATIONWIDE INSURANCE COMPANY et al., Respondent. BONNEE LINDEN, Appellant, v LLOYD'S PLANNING SERVICE, INC., et al., Defendants, and JANICE ALKIRE et al., Respondents. [750 NYS2d 20] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 16, 2001, and orders, same court and Justice, entered August 24, 2001, which, to the extent appealed from as limited by the brief, granted the motions of defendants Nationwide Insurance and Scottsdale Insurance Co., Cigna, Janice Alkire, Bruce

Slavens and Sandra Jacoby to dismiss the amended complaint as against them, and denied plaintiff's cross motions to amend the complaint, unanimously affirmed, without costs.

Plaintiff seeks to recover damages sustained as a result of the 1998 foreclosure of her condominium unit for her failure to pay common charges. The complaint alleges, inter alia, that she withheld payment of the common charges because the individual moving defendants, among others, failed properly to repair water damage to the condominium and asserts claims against condominium board members Alkire, Slavens and Jacoby, individually, for breach of contract, breach of warranty of habitability, civil conspiracy, and failure to provide plaintiff with the condominium's books and records from 1979 to the present.

Plaintiff's claims against the individual board members for breach of the condominium's contractual obligations and for breach of the warranty of habitability were properly dismissed since there is no cognizable claim for breach of warranty of habitability against a condominium (*see Frisch v Bellmarc Mgt.*, 190 AD2d 383). In any event, plaintiff's claims would not lie against the board members in their individual capacities. In addition, since plaintiff has no viable underlying claim for fraud or any other tort, her civil conspiracy claim was properly dismissed (*see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969). Finally, since plaintiff's condominium unit was foreclosed, she is without standing to seek damages for the individual defendants' neglect or refusal to furnish her with condominium financial records.

Since plaintiff was not an insured of any of the movant insurers and there is no claim that she obtained a judgment against any "insured" under the insurance contracts at issue, her claims against the movant insurers were properly dismissed (*see Linden v Moskowitz*, 294 AD2d 114, 116).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Buckley, Rosenberger and Marlow, JJ.