*596 OPINION OF THE COURT
Peter H. Mayer, J.
Upon due deliberation and consideration by the court of the submitted papers, the motion is decided as follows: it is ordered that the plaintiff’s motion for an order of reference in this mortgage foreclosure action is denied, without prejudice and with leave to renew upon proper papers, including but not limited to: (1) proper and timely assignments of the subject mortgage, if any, sufficient to establish the plaintiffs ownership of such mortgage at the time the action was commenced; (2) proof of compliance with the requirements of CPLR 3215 (f), including but not limited to a proper affidavit of facts by the plaintiff (or by plaintiffs agent, provided there is proper proof in evidentiary form of such agency relationship), or a complaint verified by the plaintiff and not merely by an attorney or nonparty with no personal knowledge; and (3) evidentiary proof of compliance with the foreclosure notice requirements of RPAPL 1303; and it is further ordered that movant shall serve a copy of this order upon all appearing parties, or their attorney(s) if represented by counsel, pursuant to CPLR 2103 (b) (1), (2) or (3) and shall thereafter file the affidavit(s) of service with the clerk of the court; and it is further ordered that a copy of this order and proof of service of same shall be annexed as exhibits to any applications resubmitted pursuant to this order; and it is further ordered that with regard to any future applications, if the court determines that such applications have been submitted without proper regard for the applicable statutory and case law, or without regard for the required proofs delineated herein, the court may, in its discretion, deny such applications with prejudice and/or impose sanctions pursuant to 22 NYCRR subpart 130-1, and may deny those costs and attorney’s fees attendant with the filing of such future applications.
With regard to the proof necessary on an application for judgment by default, CPLR 3215 (f) states, in relevant part, that
“[o]n any application for judgment by default, the applicant shall file proof of service of the summons and the complaint . . . and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party . . . Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party’s *597 attorney.”
With regard to a judgment of foreclosure, an order of reference is simply a prehminary step toward obtaining such a judgment (Home Sav. of Am., F.A. v Gkanios, 230 AD2d 770 [2d Dept 1996]).
Without an affidavit by the plaintiff regarding the facts constituting the claim and amounts due or, in the alternative, an affidavit by the plaintiff that its agent has the authority to set forth such facts and amounts due, the statutory requirements are not satisfied. In the absence of either a proper affidavit by the party or a complaint verified by the party, not merely by an attorney with no personal knowledge, the entry of judgment by default is erroneous (see Peniston v Epstein, 10 AD3d 450 [2d Dept 2004]; Grainger v Wright, 274 AD2d 549 [2d Dept 2000]; Finnegan v Sheahan, 269 AD2d 491 [2d Dept 2000]; Hazim v Winter, 234 AD2d 422 [2d Dept 1996]).
The moving papers establish that the original lender stated in the subject December 19, 2001 mortgage is America’s Wholesale Lender. Thereafter, pursuant to the terms of the mortgage, Mortgage Electronic Registration Systems, Inc. (MERS), acting as nominee for the lender, executed an assignment of mortgage on March 6, 2007, purporting to assign the mortgage to Countrywide Home Loans, Inc. The notice of pendency and complaint, however, were filed on February 6, 2007, prior to the date of assignment. Therefore, Countrywide did not have ownership of the subject mortgage at the time of the filing.
Language in the purported assignment to Countrywide states that the “[assignment shall be deemed effective as of August 1, 2006.” Such attempt at retroactivity, however, is insufficient to establish Countrywide’s ownership interest at the time the action was commenced. Indeed, foreclosure of a mortgage may not be brought by one who has no title to it and absent an effective transfer of the debt, the assignment of the mortgage is a nullity (Kluge v Fugazy, 145 AD2d 537 [2d Dept 1988]). A plaintiff has no foundation in law or fact to foreclose upon a mortgage in which the plaintiff has no legal or equitable interest (Katz v East-Ville Realty Co., 249 AD2d 243 [1st Dept 1998]).
When a defendant answers a complaint and fails to assert lack of standing as a defense, such defense is waived pursuant to CPLR 3211 (e) (Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239 [2d Dept 2007]). In this case, however, no such answer or waiver exists. Since the plaintiff has failed to establish proper standing, its application for an order of reference must be denied at this time.
*598 The plaintiffs application must also be denied for failure to comply with newly enacted section 1303 of the Real Property Actions and Proceedings Law. In July 2006, the Legislature enacted the Home Equity Theft Prevention Act, which amended certain sections of New York’s Banking Law, Real Property Law and Real Property Actions and Proceedings Law (L 2006, ch 308). From the language of the amendments, we are able to glean the intent of the Legislature in promulgating the Act, which was to afford greater protections to homeowners in the unfortunate throes of foreclosure actions. For example, in adding Real Property Law § 265-a, in section 3 of the Act, the Legislature declared that “it is the express policy of the state to preserve and guard the precious asset of home equity, and the social as well as the economic value of homeowner ship” (Real Property Law § 265-a [1] [b]). Similarly, in relevant part, section 3 of the Act states that “[t]he intent and purposes of this section are to . . . ensure, foster and encourage fair dealing in the sale and purchase of homes in foreclosure or default . . . and to preserve and protect home equity for the homeowners of this state” (Real Property Law § 265-a [1] [d]).
Consistent with the intentions and purposes stated in section 3 of the Act, section 4 of the Act added new section 1303 to the RPAPL, regarding required notices in foreclosure actions. Effective February 1, 2007, the foreclosing party in a mortgage foreclosure action is required under RPAPL 1303 (1) to provide a statutorily specific notice to the mortgagor/homeowner regarding information and assistance about the foreclosure process. Effective July 3, 2007, the notice requirement of RPAPL 1303 (1) was amended (L 2007, ch 154, § 13), making the notice requirement applicable only to those foreclosure actions which involve residential real property consisting of owner-occupied one-to-four-family dwellings. The full text of RPAPL 1303 (1) now reads: “The foreclosing party in a mortgage foreclosure action, which involves residential real property consisting of owner-occupied one-to-four-family dwellings shall provide notice to the mortgagor in accordance with the provisions of this section with regard to information and assistance about the foreclosure process.”
The statutorily required language of the notice is set forth in RPAPL 1303 (3), which became effective February 1, 2007. The appearance and procedural details of the notice are set forth in RPAPL 1303 (2), which also became effective February 1, 2007 and which states:
*599 “The notice required by this section shall be delivered with the summons and complaint to commence a foreclosure action. The notice required by this section shall be in bold, fourteen-point type and shall be printed on colored paper that is other than the color of the summons and complaint, and the title of the notice shall be in bold, twenty-point type. The notice shall be on its own page.”
In this action, the plaintiffs summons and complaint and notice of pendency were filed with the County Clerk on February 6, 2007, after the effective date of RPAPL 1303, thereby requiring compliance with the notice provisions set forth in the statute. From the motion papers and exhibits submitted by the plaintiff, there is no evidentiary proof upon which the court may properly conclude that the requirements of RPAPL 1303 (2) have been satisfied. Given the explicit statutory requirements regarding the content, type size and paper color of the notice, the plaintiff must submit proper evidentiary proof to establish full compliance with the substantive and procedural requirements of RPAPL 1303. Merely annexing a copy of a purportedly compliant notice does not provide a sufficient basis upon which the court may conclude as a matter of law that the plaintiff has complied with the statute. Since the plaintiff has failed to establish compliance with the notice requirements of RPAPL 1303, its application for an order of reference must be denied on these grounds, as well.