■ BOARD OF DIRECTORS OF HUNT CLUB AT CORAM HOMEOWNERS ASSOCIATION, INC., Appellant, v CAROLE ANN HEBB, Respondent, et al., Defendants. [900 NYS2d 145]—

In an action to foreclose a lien, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 17, 2008, as denied those branches of its motion which were for summary judgment on the complaint, to strike the first affirmative

defense set forth in the answer of the defendant Carole Ann Hebb, and to appoint a referee to compute the total amounts due and owing to it by the defendant Carole Ann Hebb pursuant to the subject lien.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the first affirmative defense set forth in the answer of the defendant Carole Ann Hebb, and to appoint a referee to compute the amounts due and owing to it by the defendant Carole Ann Hebb pursuant to the subject lien are granted.

The plaintiff, Board of Directors of Hunt Club at Coram Homeowners Association, Inc., commenced this action to foreclose a lien for unpaid assessments and other charges that it had asserted against the residential real property of the defendant Carole Ann Hebb. Hebb's property is located within a residential development the plaintiff manages under the terms of a duly recorded declaration and bylaws. In her answer, Hebb asserted, inter alia, as a first affirmative defense, that the notice of lien the plaintiff had filed with the office of the Suffolk County Clerk was invalid because the plaintiff failed to verify it as required by Real Property Law § 339-z. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint, to dismiss Hebb's first affirmative defense, and to appoint a referee to compute the sums due and owing to it by Hebb pursuant to the subject lien. Hebb opposed, contending, in pertinent part, that the notice of lien was deficient for failing to comply with the verification requirements set forth in Real Property Law § 339-aa. Notably, in her opposition, Hebb effectively conceded that she had not paid the assessments and other charges underlying the subject lien. In the order appealed from, the Supreme Court, inter alia, denied the aforementioned branches of the plaintiff's motion, and the plaintiff appeals. We reverse the order insofar as appealed from.

Since the plaintiff is a homeowners association, not a condominium, the requirement of Real Property Law § 339-aa that a notice of lien be verified is not applicable in the matter at bar (see Real Property Law § 339-f). Moreover, the plaintiff's right to foreclose a lien for unpaid assessments arises from its governing "Declaration of Covenants, Restrictions, Easements, Charges and Liens," which contains no requirement that a notice of lien be verified. In opposition to the plaintiff's prima facie showing of its entitlement to judgment as a matter of law, Hebb failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the

plaintiff's motion which was for summary judgment on the complaint. For the same reason, the Supreme Court should have granted that branch of the plaintiff's motion which was to strike the first affirmative defense asserted by Hebb in her answer. Moreover, because Hebb effectively concedes that she has not paid the assessments and other charges underlying the subject lien, the Supreme Court also should have granted that branch of the plaintiff's motion which was to appoint a referee to compute the amounts due and owing to it by Hebb under the subject lien (*see* RPAPL 1321 [1]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur. **[Prior Case History: 22 Misc 3d 584.]**