■ LAURIE KATZ, Appellant, v BOARD OF MANAGERS, ONE UNION SQUARE EAST CONDOMINIUM, NEW YORK, NEW YORK, Respondent, et al., Defendant. [921 NYS2d 228]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered November 9, 2009, which, to the extent appealed from as limited by the briefs, granted defendant condominium board's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

The record demonstrates that defendant acted within the scope of its authority pursuant to section 6.3-1 of the bylaws to plan and arrange for the restoration of plaintiff's fire-damaged unit, that its actions were undertaken pursuant to a legitimate

corporate purpose to restore the building's living spaces, and that it acted in good faith in fulfilling its obligations (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]; *Lorne v 50 Madison Ave. LLC*, 65 AD3d 879 [2009], *lv dismissed* 15 NY3d 732 [2010]). The record demonstrates further that, while defendant worked diligently and professionally to effect the restoration, plaintiff was uncooperative and indecisive and otherwise engaged in delay-causing conduct that prolonged the restoration process. Plaintiff's conclusory affidavit regarding the present unfinished condition of her unit fails to raise an issue of fact. Thus, the record demonstrates that there was no breach of contract and no breach of the implied covenant of good faith and fair dealing.

Plaintiff appears to have abandoned her arguments as to the causes of action for constructive eviction and breach of the implied warranty of habitability. In any event, those arguments are unavailing absent a landlord/tenant relationship between the parties (*see e.g. Linden v Lloyd's Planning Serv.*, 299 AD2d 217 [2002], *lv denied* 99 NY2d 509 [2003]; *Frisch v Bellmarc Mgt.*, 190 AD2d 383 [1993]). Concur—Mazzarelli, J.P., Friedman, Acosta, DeGrasse and Román, JJ. **[Prior Case History: 25 Misc 3d 1238(A), 2009 NY Slip Op 52477(U).]**