*367 OPINION OF THE COURT
Steven M. Jaeger, J.
Defendants, Kenneth H. Godt and Christina Godt (hereinafter Godt), move pursuant to CPLR 3211 (a) (7) to dismiss plaintiff’s complaint for failure to state a cause of action. Plaintiff opposes the motion and pursuant to CPLR 3211 (c) seeks to convert Godt’s motion to a summary judgment motion and grant summary judgment in favor of plaintiff against Godt.
Godt’s motion is granted.
This is an action to foreclose a lien on the Godt premises known as 22 Pleasant Lane, Unit 115, Woodbury, New York 11797 for failure to pay assessments and related costs. Plaintiff is a homeowners association. By letter sent on or about May 10, 2010 (the first page of the letter is incorrectly dated May 10, 2009), plaintiff demanded payment by June 14, 2010. Plaintiff further advised that failure to pay by said date would result in the filing and perfecting of a lien on the premises pursuant to the law and the homeowners association’s declaration of covenants, restrictions, easements, charges and liens.
Having not received payment by the established date, plaintiff filed a lien for unpaid assessments with the Nassau County Clerk on October 6, 2010. On January 12, 2011 plaintiff filed a summons and complaint to foreclose on the Godt premises for the unpaid assessment lien in the amount of $3,965.03. A notice of pendency was filed on January 19, 2011. Godt now moves to dismiss plaintiffs complaint for failure to state a cause of action, contending that plaintiff failed to serve the proper notice of foreclosure with the summons and complaint as required by RPAPL 1303. Plaintiff argues that as a homeowners association it is not required to comply with RPAPL 1303.
RPAPL 1303 was enacted by the Legislature in July 2006 as part of the Home Equity Theft Prevention Act (HETPA), the provisions of which are set forth in Real Property Law § 265-a. HETPA also amended certain sections of the Banking Law and Real Property Law in addition to the Real Property Actions and Proceedings Law. The intent of HETPA was to afford greater protections to homeowners facing foreclosure. (See First Natl. Bank of Chicago v Silver, 73 AD3d 162, 165 [2d Dept 2010], citing Countrywide Home Loans, Inc. v Taylor, 17 Misc 3d 595 [Suffolk County 2007] and Senate Introducer Mem in Support, Bill Jacket, L 2006, ch 308, at 7-9.)
Towards that end, RPAPL 1303 (1), as amended effective January 14, 2010, requires that
*368 “[t]he foreclosing party in a mortgage foreclosure action, involving residential real property shall provide notice to:
“(a) any mortgagor if the action relates to an owner-occupied one-to-four family dwelling; and “(b) any tenant of a dwelling unit in accordance with the provisions of this section.”
The statute sets forth the specific language and procedure of the notice, requiring that it “shall be in bold, fourteen-point type and shall be printed on colored paper that is other than the color of the summons and complaint, and the title of the notice shall be in bold, twenty-point type. The notice shall be on its own page.” (RPAPL 1303 [2].) The courts have interpreted this notice requirement to be a condition precedent that if not complied with will lead to dismissal of the foreclosure action. (See First Natl. Bank of Chicago v Silver, 73 AD3d at 166 [citing numerous Supreme Court decisions].)
Here, there is no dispute that plaintiff failed to comply with the notice requirement of RPAPL 1303. The issue is whether a homeowners association is required to comply. Plaintiff relies on Board of Directors of Hunt Club at Coram Homeowners Assn., Inc. v Hebb (72 AD3d 997, 999 [2d Dept 2010]) for the proposition that, since the condominium notice of lien requirements of Real Property Law § 339-aa do not apply to a homeowners association, plaintiff is not required to comply with RPAPL 1303. However, such reliance is misplaced (as is Godt’s reliance on Real Property Law § 339-aa to connect the requirements of RPAPL 1303 to the instant matter).
In Board of Directors of Hunt Club at Coram Homeowners Assn., Inc. v Hebb (72 AD3d at 998) the Court held that the requirement of Real Property Law § 339-aa that a notice of lien be verified is not applicable to a homeowners association. Further, the Court noted the right to foreclose a lien for unpaid assessments arises solely from the declaration of covenants, restrictions, easements, charges and liens. As the declaration in Hunt Club did not require verification of the notice, the Court found that an unverified notice of lien was sufficient.
However, the Second Department’s decision was limited to the verification requirement of the notice of lien that is filed with the County Clerk, which is not at issue here and, ironically, which plaintiff nonetheless filed in accordance with Real Property Law § 339-aa. The instant matter concerns the requirements of RPAPL 1303 with regard to the notice that *369 must accompany the summons and complaint. Real Property Law § 339-aa is not relevant.
If this court were to accept plaintiffs argument, article 13 of the RPAPL (“Action to Foreclose a Mortgage”) would not apply to foreclosure of homeowners associations’ liens for assessments. Clearly, that was not the intent of the Legislature. The plain language of RPAPL 1303 indicates that it applies to all foreclosures of owner-occupied one-to-four-family dwellings. The amendment effective January 14, 2010 that prescribed the same notice requirements for tenants of such dwellings is further indication that homeowners associations are not excluded. Moreover, the Court in Board of Directors of Hunt Club at Coram Homeowners Assn., Inc. v Hebb (72 AD3d at 999) held that a referee should have been appointed pursuant to RPAPL 1321, thereby indicating that article 13 applies to a homeowners association’s action to foreclose an assessment lien.
Godt’s premises is a one-family dwelling. As such, plaintiff was required to serve notice in accordance with the plain language of RPAPL 1303 (1). Having not done so, plaintiff failed to satisfy a condition precedent to commencing the instant action. Accordingly, Godt’s motion is granted and plaintiff’s complaint is dismissed. As the complaint is dismissed, plaintiffs application to convert the motion into one for summary judgment is moot.