■ BOARD OF DIRECTORS OF SQUIRE GREEN AT PAWLING HOME-OWNERS ASSOCIATION, INC., Respondent, v BARRY G. BELL, Appellant. [933 NYS2d 288]—

The plaintiff, Board of Directors of the Squire Green at Pawling Homeowners Association, Inc. (hereinafter the Association), commenced this action to recover unpaid assessments and fees allegedly owed by the defendant homeowner pursuant to the Condominium Act (Real Property Law § 339-j) and the As-

sociation's Declaration of Covenants and Restrictions (hereinafter the Declaration) and Bylaws (hereinafter the Bylaws). The defendant, proceeding pro se, filed an answer in which he admitted he had failed to pay some of the fees, and asserted a counterclaim, denominated as an "affirmative defense and counterclaim," alleging that the Association had constructed a dangerous ditch in his backyard, thus entitling him to recover damages for creation of a private nuisance in an amount greater than the fees assessed by the Association. The Association moved for summary judgment on the complaint and, in effect, dismissing the counterclaim. The Supreme Court granted the motion in an order entered May 6, 2010, and determined that the plaintiff was entitled to the principal sum of $16,125.62, plus prejudgment interest, costs and disbursements, and an attorney's fee, as authorized by the Bylaws. The defendant appeals from the judgment entered upon that order. We modify.

Initially, the defendant correctly contends that the Association, having failed to provide any evidence that it was a condominium board or that the defendant was the owner of a condominium unit, failed to demonstrate its prima facie entitlement to collect fees and assessments pursuant to the Condominium Act (*see* Real Property Law § 339-f; *Board of Directors of Hunt Club at Coram Homeowners Assn., Inc. v Hebb*, 72 AD3d 997, 998 [2010]). However, the Association established its prima facie entitlement to judgment as a matter of law awarding it the amounts that it assessed the defendant for common charges, costs and disbursements, and an attorney's fee, by submitting evidence, inter alia, of its authority to collect those assessments pursuant to relevant sections of the Declaration and Bylaws, the defendant's admission in his answer to the complaint that he failed to pay "some common charges," an invoice reflecting the charges and the amount he allegedly owed, and an affidavit of a partner in the Association's managing agent attesting to the defendant's failure to pay that amount (*see Board of Directors of Hunt Club at Coram Homeowners Assn., Inc. v Hebb*, 72 AD3d at 998).

In opposition, the defendant failed to raise a triable issue of fact as to whether the charges were properly assessed or had been paid. To the contrary, the defendant, in effect, conceded that he was liable to pay the charges, averring that he was "not complaining of a lack of service agreed to be supplied or the improper supplying thereof." The defendant also failed to raise a triable issue as to whether his nonpayment was excused by the Association's alleged improper construction of a ditch in his backyard. The defendant's unsupported and conclusory aver-

ment that the Association "has lost its rights to collect any moneys" from him did not raise a triable issue of fact sufficient to defeat the motion (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Babino v City of New York*, 234 AD2d 241, 241-242 [1996]; *cf. Aurora Loan Servs., LLC v Thomas*, 53 AD3d 561 [2008]). Accordingly, the Supreme Court properly granted that branch of the Association's motion which was for summary judgment on the complaint.

However, the Association failed to establish its prima facie entitlement to judgment as a matter of law dismissing the defendant's counterclaim, which properly stated a cause of action to recover damages for creation of a private nuisance (*see Aristides v Foster*, 73 AD3d 1105, 1106 [2010]). Since the Association did not submit any evidence to refute the defendant's allegations, it failed to eliminate all triable issues of fact in connection with the merits of the counterclaim. Moreover, the Association failed to serve a reply to the counterclaim, notwithstanding the fact that the counterclaim was "denominated as such" in the defendant's answer (CPLR 3011). The Association's failure to make a prima facie showing eliminating all triable issues of fact required denial of that branch of its motion which was for summary judgment, in effect, dismissing the counterclaim, regardless of the sufficiency of the defendant's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendant also appeals from the denial of his motion, denominated as one for leave to reargue and renew, by which he sought to present additional arguments in opposition to the Association's summary judgment motion, which had been determined in the order entered May 6, 2010. In support of his motion, the defendant did not submit any new facts which he had failed to offer in opposition to the Association's motion (*see* CPLR 2221 [e] [2], [3]). Accordingly, the defendant's motion was, in actuality, a motion to reargue, the denial of which is not appealable (*see Crawn v Sayah*, 31 AD3d 367, 367 [2006]). Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.

---

Cross motion by the respondent, inter alia, to dismiss the appeal from the order dated July 27, 2010, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated April 14, 2011, that branch of the cross motion which was to dismiss the appeal from the order dated July 27, 2010, was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

660

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the submission of the appeal from the order dated July 27, 2010, it is,

Ordered that the branch of the respondent's motion which was to dismiss the appeal from the order dated July 27, 2010, is denied as academic in light of the determination of the appeal from that order. Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.