■ BOARD OF DIRECTORS OF HOUSE BEAUTIFUL AT WOODBURY HOMEOWNERS ASSOCIATION, INC., Appellant, v KENNETH H. GODT et al., Respondents, et al., Defendants. [947 NYS2d 572]—

In an action to foreclose an unpaid assessment lien encumbering certain real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jaeger, J.), entered May 20, 2011, which granted the motion of the defendants Kenneth H. Godt and Christina Godt pursuant to CPLR 3211 (a) and RPAPL 1303 to dismiss the complaint insofar as asserted against them for failure to comply with a condition precedent, and denied, as academic, its application to convert the motion into one for summary judgment and, upon conversion, award summary judgment in its favor and to appoint a referee to compute the amount due.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied, as academic, the appellant's application to convert the motion into one for summary judgment and, upon conversion, award summary judgment in its favor and to appoint a referee to compute the amount due is deemed to be an application for leave to appeal from that por-

tion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendants Kenneth H. Godt and Christina Godt pursuant to CPLR 3211 (a) and RPAPL 1303 to dismiss the complaint insofar as asserted against them for failure to comply with a condition precedent, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying, as academic, the plaintiff's application to convert the motion into one for summary judgment in its favor and to appoint a referee to compute the amount due and substituting therefor a provision denying the application on the merits; as so modified, the order is affirmed, with costs to the plaintiff.

The defendants Kenneth H. Godt and Christina Godt (hereinafter together the respondents) own premises located in Woodbury. The plaintiff, Board of Directors of House Beautiful at Woodbury Homeowners Association, Inc. (hereinafter the HOA), is the homeowners' association for the premises. In January 2011, the HOA commenced this action to foreclose an unpaid assessment lien encumbering the premises. The respondents moved pursuant to CPLR 3211 (a) and RPAPL 1303 to dismiss the complaint insofar as asserted against them for failure to comply with a condition precedent, arguing that the HOA failed to serve the proper notice of foreclosure with the summons and complaint as required by RPAPL 1303. The HOA opposed the motion, contending that, as a homeowners' association, it was not required to comply with RPAPL 1303. The HOA also sought to convert the motion to dismiss into one for summary judgment and, upon conversion, award summary judgment in its favor and appoint a referee to compute the amount due. The Supreme Court granted the respondents' motion to dismiss the complaint insofar as asserted against them, finding that the notice requirement of RPAPL 1303 applied to foreclosures of homeowners' associations' liens, and denied the HOA's application as academic. The HOA appeals from the order, and we modify.

RPAPL 1303 was enacted in July 2006 as part of the Home Equity Theft Prevention Act (hereinafter HETPA) (see First Natl. Bank of Chicago v Silver, 73 AD3d 162, 165 [2010]; Senate Introducer Mem in Support, Bill Jacket, L 2006, ch 308, at 7-8). As relevant here, that section provides that "[t]he foreclosing party in a mortgage foreclosure action, involving residential real property shall provide notice to . . . any mortgagor if the action relates to an owner-occupied one-to-four family dwelling" (RPAPL 1303 [1] [a]). The statute "requires the foreclosing

party in a residential mortgage foreclosure action to deliver statutory-specific notice to the homeowner, together with the summons and complaint" (*First Natl. Bank of Chicago v Silver*, 73 AD3d at 165). "[T]he foreclosing party has the burden of showing compliance therewith and, if it fails to demonstrate such compliance, the foreclosure action will be dismissed" (*id.* at 166).

"The underlying purpose of HETPA was to afford greater protections to homeowners confronted with foreclosure" (*id.* at 165; *see* Real Property Law § 265-a [1] [b], [d]; *Countrywide Home Loans, Inc. v Taylor*, 17 Misc 3d 595, 598 [2007]; Senate Introducer Mem in Support, Bill Jacket, L 2006, ch 308, at 7). However, rather than refer to foreclosures in general, the plain language of HETPA limits its applicability to "mortgage foreclosure action [s]" (RPAPL 1303 [1] [a] [emphasis added]). The statute makes no reference to foreclosures of other types of liens on real property (*cf.* Real Property Law § 265-a; Banking Law § 595-a). Relying on the standard canon of construction of "expressio unius est exlusio alterius," we can infer that the expression of this specific type of foreclosure action—mortgage foreclosure actions—in the statute indicates an exclusion of others (McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see Morales v County of Nassau*, 94 NY2d 218, 224 [1999]; *Matter of Petersen v Incorporated Vil. of Saltaire*, 77 AD3d 954, 956 [2010]). This conclusion is buttressed by the fact that the Legislature has deemed it necessary to extend the applicability of mortgage foreclosure procedure to foreclosures of condominium liens for unpaid common charges through enactment of an entirely separate statute (*see* Real Property Law § 339-aa). By contrast, it has not promulgated similar legislation regarding a homeowners' association's lien for unpaid assessments.

In addition, the HOA's right to foreclose the lien for unpaid assessments arises from its governing "Declaration of Covenants, Restrictions, Easements, Charges and Liens," which does not set forth any foreclosure procedure or notice requirements. Accordingly, the Supreme Court erred in finding that the notice requirement of RPAPL 1303 applied to the foreclosure of a homeowners' association's lien for unpaid assessments, and should have denied the respondents' motion pursuant to CPLR 3211 (a) and RPAPL 1303 to dismiss the complaint insofar as asserted against them for failure to comply with a condition precedent.

In light of the foregoing, the HOA's application to convert the motion to dismiss into a motion for summary judgment and, upon conversion, award summary judgment in its favor and to

appoint a referee to compute the amount due is no longer academic. For purposes of judicial economy, we decide the application in the first instance, and determine that it should have been denied on the merits. The defendants did not waive any defense founded upon documentary evidence or payment of the arrears and are free to raise those defenses in their answer to the complaint (see CPLR 3211 [e], [f]; *Hertz Corp. v Luken*, 126 AD2d 446, 448 [1987]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:71; Siegel, NY Prac § 274, at 471[5th ed]). Thus, a motion for summary judgment would be premature at this juncture. Skelos, J.P., Florio, Roman and Miller, JJ., concur. **[Prior Case History: 32 Misc 3d 366.]**