In an action, inter alia, to foreclose a lien upon a condominium unit for the nonpayment of common charges, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated January 3, 2012, as denied those branches of its motion which were for summary judgment on the issue of liability, and to dismiss the defendants’ affirmative defenses and counterclaims pursuant to CPLR 3211 (a) (7) and *945 (b), or, in the alternative, for summary judgment dismissing the defendants’ affirmative defenses and counterclaims.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs motion which were for summary judgment on the issue of liability, and to dismiss the third affirmative defense and the second, third, and fourth counterclaims pursuant CPLR 3211 (a) (7) and (b), and for summary judgment dismissing the first and second affirmative defenses and the first counterclaim asserted by the defendants are granted.
The plaintiff, a condominium board, commenced this action against the defendants, the owners of a certain condominium unit, to foreclose a lien issued for the nonpayment of common charges, and to recover the common charges and fees allegedly owed by the defendants. The defendants filed an answer in which they asserted various affirmative defenses and counterclaims, alleging, in essence, overpayment of common charges and constructive eviction.
The plaintiff moved, among other things, for summary judgment on the issue of liability, and to dismiss the defendants’ affirmative defenses and counterclaims pursuant to CPLR 3211 (a) (7) and (b), or, in the alternative, for summary judgment dismissing the defendants’ affirmative defenses and counterclaims. The Supreme Court denied those branches of the motion.
The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, evidence of its authority to collect certain assessments of common charges and fees, invoices reflecting the defendants’ account, and an affidavit of the president of the plaintiff attesting to the defendants’ failure to pay the balance on the account (see Board of Directors of Squire Green at Pawling Homeowners Assn., Inc. v Bell, 89 AD3d 657 [2011]; Board of Directors of Hunt Club at Coram Homeowners Assn., Inc. v Hebb, 72 AD3d 997 [2010]). In opposition, the defendants failed to raise a triable issue of fact as to whether they owed common charges and fees to the plaintiff (see Board of Directors of Squire Green at Pawling Homeowners Assn., Inc. v Bell, 89 AD3d at 658). Accordingly, the Supreme Court should have granted that branch of the plaintiffs motion which was for summary judgment on the issue of liability.
In addition, the Supreme Court should have granted that branch of the plaintiffs motion which was to dismiss certain affirmative defenses and counterclaims asserted by the defendants and for summary judgment dismissing certain affirmative defenses and counterclaims asserted by the defendants. The *946 third affirmative defense and the second, third, and fourth counterclaims, which all sound in constructive eviction, should have been dismissed pursuant to CPLR 3211 (a) (7) and (b), since the answer failed to adequately plead the existence of a landlord-tenant relationship between the parties and that the defendants abandoned the premises (see CPLR 3211 [a] [7]; Katz v Board of Mgrs., One Union Sq. E. Condominium, N.Y., N.Y., 83 AD3d 501, 502 [2011]; 127 Rest. Corp. v Rose Realty Group, LLC, 19 AD3d 172 [2005]; Dinicu v Groff Studios Corp., 257 AD2d 218, 224 [1999]). Furthermore, the plaintiff established its entitlement to summary judgment dismissing the first and second affirmative defenses, and first counterclaim, which are based in overpayment of common charges. The plaintiff established its prima facie entitlement to judgment as a matter of law dismissing those affirmative defenses and counterclaim by demonstrating that the defendants owed common charges to it. In opposition, the defendants failed to raise a triable issue of fact as to whether they fully paid, or overpaid, the common charges owed to the plaintiff. Mastro, J.P, Hall, Lott and Sgroi, JJ., concur.