OPINION OF THE COURT
John W. Fried, J.
This is a summary proceeding to recover possession of real property, pursuant to Real Property Actions and Proceedings Law § 721 (3), by a purchaser of a condominium unit following a mortgage foreclosure sale. The real property is located at xx-x Steven Drive in the Town of Ossining (the premises).
Respondent has moved to dismiss the petition, pursuant to CPLR 404 (a), on the grounds that, as a matter of law, instead of having served respondent with a 10-day notice to quit, pursuant to RPAPL 713 (5), petitioner should have served respondent with the notice required by RPAPL 1305 and, for that reason, the summary proceeding was not properly initiated. A notice pursuant to RPAPL 1305, in part, would have informed respondent that she is entitled to remain in occupancy of the premises for the remainder of the term of her lease or for 90 days, whichever time period is greater. Petitioner opposes the motion by arguing that this summary proceeding was initiated properly by service of the 10-day notice to quit.
Undisputed Facts and the Relief Respondent Seeks
Respondent and her husband purchased the premises in August 1994. On or about May 21, 2007, Bank of America (the bank) loaned money to respondent and, as security for that loan, recorded a mortgage as a lien against the premises.
Sometime before 2010, respondent became delinquent with respect to repaying the bank’s loan and paying the con *1073 dominium association charges. As a consequence, two foreclosure proceedings were commenced against respondent.
On February 23, 2010, the bank commenced a foreclosure action against respondent and the board of managers of the condominium association of the premises with the filing of a summons and complaint and a lis pendens.
On March 10, 2010, the condominium association commenced its own foreclosure action against respondent with the filing of a summons and complaint and a lis pendens. The bank was not made a party to this second foreclosure action. Thereafter, on August 14, 2012, while the bank’s foreclosure action was still pending, the condominium association completed its foreclosure of the premises by the recording of a referee’s deed, whereby title to the premises was conveyed to the association. In connection with her motion to- dismiss, respondent has averred that, when the association acquired title to the premises, her interest in the premises changed from being the “owner” thereof to being an “occupant.” Initially, the condominium association threatened to evict respondent, but that intention changed in September 2013, when the association agreed to permit respondent to stay in her home indefinitely on two conditions: (1) she immediately had to pay the association $5,900 and, (2) thereafter, she would have to pay the association $900 each month. To date, respondent has complied with those two conditions of her occupancy of the premises.
The bank’s foreclosure was concluded on October 8, 2015, when a referee’s deed conveyed title to the premises to petitioner. Four days later, on October 12, 2015, petitioner served respondent with a 10-day notice to quit the premises, and this summary proceeding was filed on November 5, 2015.
By her motion to dismiss, respondent acknowledges service of the 10-day notice, but argues that she should have been served with the “alternative ninety (90) day notice” as required by RPAPL 1303 and 1305 because respondent is “clearly a ‘bona fide tenant’ as that term is defined in said law.” Respondent concludes that the summary proceeding should be dismissed as being premature. (Affirmation of Rocco F. D’Agostino, dated Nov. 19, 2015, ¶ 11.)
Legal Discussion
The question to be decided is whether the 10-day notice to quit, pursuant to RPAPL 713 (5), which petitioner served on respondent or whether the notice to quit required by RPAPL *1074 1305 was the lawful predicate to commencement of this summary proceeding. For the reasons explained below, the answer to that question is the 10-day notice to quit.
As pertinent here, RPAPL 1305, which became effective on January 14, 2010, allows a “tenant” of “residential real property,” each as defined in the section, to remain in occupancy of his or her residential unit where he or she resides on the date of the mailing of the notice to be given to such tenant, as described below, for the greater of the following periods: 90 days from the date of mailing of such notice, or the remainder of such tenant’s lease term (an exception is made for owner-occupancy by the successor in interest of a single nongovernmentally subsidized unit, limiting the tenant’s occupancy to 90 days), and upon such terms as were extant at the date of entry of the foreclosure judgment or, if no such judgment was entered, at the date of transfer of ownership of the property, provided such lease requires the payment of not substantially less than fair market rent for the unit, unless governmentally subsidized. The “successor in interest,” as defined, to such residential real property shall provide written notice to all tenants of their rights of continued occupancy, as applicable. The provisions of section 1305 are applicable when a judgment of foreclosure and sale is issued on or after its effective date. (See Rudolph de Winter, 2010 Practice Commentaries, McKinney’s Cons Laws of NY, RPAPL 1305.)
The statute defines “successor in interest” as “any person or entity who or which acquires title in a residential real property as a result of a judgment of foreclosure and sale, or other disposition during the pendency of the foreclosure proceeding . . . .” (RPAPL 1305 [1] [b].)
The statute defines “tenant” as
“any person who at the time the notice required by [RPAPL 1303 (4)] appears as a lessee on a lease of one or more dwelling units of a residential real property that is subordinate to the mortgage on such residential real property; or who at such time is a party to an oral or implied rental agreement with the mortgagor and obligated to pay rent to the mortgagor or such mortgagor’s representative, for the use or occupancy of one or more dwelling units of a residential real property.” (RPAPL 1305 [1] [c] [emphasis added].)
Here, the court finds that the premises are “residential real property” and that petitioner became a “successor in interest” *1075 with respect to the premises when, on October 8, 2015, he acquired title to the premises pursuant to a referee’s deed.
Therefore, the applicability of the notice requirement of RPAPL 1305 depends on whether respondent is a “tenant” as defined in RPAPL 1305 (1) (c). In other words, was respondent a person who, at the time the notice required by RPAPL 1303 (4), appeared as a lessee on a lease of the premises that was subordinate to the bank’s mortgage, or who, at such time, was a party to an oral or implied rental agreement with the bank’s mortgagor and was obligated to pay rent to the mortgagor or the mortgagor’s representative for the use or occupancy of the premises? The notice required by RPAPL 1303 (4) is the notice that a foreclosing party in a mortgage foreclosure action, involving residential real property, must provide to any tenant of a dwelling unit at the property that is the subject of the foreclosure. That statutorily prescribed notice must be delivered to such a tenant within 10 days of the service of the summons and complaint in the foreclosure proceeding.*
As of February 23, 2010, when the bank commenced its mortgage foreclosure action with regard to the premises, the bank, within 10 days of service of that process, would have been required by RPAPL 1303 (4) to serve the statutorily prescribed notice of RPAPL 1303 (5) on any tenants who might then be residing in the premises. As of that time, however, respondent was not a tenant at the premises, she was still the owner thereof. According to respondent’s papers, she did not lose her ownership interest in and become an occupant of the premises until August 14, 2012, when a referee’s deed conveyed title to the premises to the condominium association. Therefore, respondent was not then and she is not now a “tenant” as that word is specifically defined in RPAPL 1305 (1) (c). As a consequence, in order to commence this summary proceeding, petitioner did not have to comply with the notice requirement of RPAPL 1305 (3).
The result here appears harsh. Undoubtedly, respondent may consider “harsh” an understatement. This result, however, was foreseen by at least one legal commentary.
“Note: A possible unintended consequence of the definition of ‘tenant’ in [RPAPL 1305] is that it is *1076 limited to persons who were lessees of one or more dwelling units at the time the notice prescribed by RPAPL § 1303 is required to be given to tenants (i.e., within 10 days of the service of the summons and complaint in the foreclosure action). Consequently, persons who became lessees more than 10 days after the commencement of the foreclosure action (frequently without notice thereof) appear not to be protected by the newly enacted RPAPL § 1305.” (Rudolph de Winter, 2010 Practice Commentaries, McKinney’s Cons Laws of NY, RPAPL 1305.)
Whether a person in respondent’s position should be entitled to the protections afforded by RPAPL 1305 is for the state legislature to decide and not for this court. Accordingly and for the foregoing reasons, it is hereby ordered that respondent’s motion to dismiss is denied, and further ordered that petitioner serve respondent’s counsel and submit to the court a form of judgment awarding him possession of the premises and a warrant of eviction, both of which shall be stayed for 30 days from the date of entry.

 RPAPL 1303 is part of the Home Equity Theft Prevention Act, which was enacted to afford greater protections to homeowners confronted with mortgage foreclosures. (Board of Directors of House Beautiful at Woodbury Homeowners Assn., Inc. v Godt, 96 AD3d 983 [2d Dept 2012].)