Board of Mgrs. of Villas on the Lake Condominium v Policicchio (2024 NY Slip Op 03026)

Board of Mgrs. of Villas on the Lake Condominium v Policicchio

2024 NY Slip Op 03026

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-05705
 (Index No. 57783/20)

[*1]Board of Managers of Villas on the Lake Condominium, appellant, 
v
Franco Policicchio, et. al., respondents.

Timko & Moses, LLP (The Feinman Law Firm, White Plains, NY [Steven N. Feinman], of counsel), for appellant.
Law Office of Gary A. Cusano, P.C., Bedford Hills, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated October 12, 2021. The order, in effect, denied the plaintiff's motion, among other things, for summary judgment on the complaint.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion, among other things, for summary judgment on the complaint is granted.
The defendants are the owners of a condominium unit in the Villas on the Lake Condominium located in Mohegan Lake (hereinafter the unit). The defendants allege that in February 2017, the unit was severely damaged by a fire, which forced them to leave the unit and prevented them from returning for over a year. It is undisputed that in October 2018 the defendants began withholding payment of the monthly common charges.
In July 2020, the plaintiff commenced this action against the defendants, inter alia, to recover damages for breach of contract. Thereafter, the defendants interposed an answer, and the plaintiff moved, among other things, for summary judgment on the complaint. The defendants subsequently served an amended answer, which asserted various affirmative defenses, as well as a counterclaim alleging that the plaintiff breached the condominium bylaws by failing to effect prompt repairs on the unit. The defendants also opposed the plaintiff's motion, inter alia, for summary judgment on the complaint, contending, among other things, that pursuant to the bylaws, the plaintiff was responsible for repairing the unit.
In an order dated October 12, 2021, the Supreme Court, in effect, denied the plaintiff's motion, inter alia, for summary judgment on the complaint, holding that the defendants had raised triable issues of fact as to, among other things, the party responsible for making repairs to the unit. The plaintiff appeals.
In support of its motion, the plaintiff submitted, inter alia, the declaration of condominium, the condominium bylaws, an affidavit from the president of the plaintiff's management company attesting to the defendants' failure to pay the common charges and related fees, and a ledger for the defendants' account. Thus, the plaintiff established, prima facie, that it was authorized to collect certain assessments of common charges and fees, that the defendants violated [*2]the bylaws by failing to pay the monthly common charges, and that it was entitled to recover the unpaid common charges, late fees, and reasonable attorneys fees (see Board of Mgrs. of Fishkill Woods Condominium v Gottlieb, 184 AD3d 785, 791; Board of Mgrs. of W. Amherst Off. Park Condominium v RMFSG, LLC, 153 AD3d 1611, 1612; Cave v Riverbend Homeowners Assn., Inc., 99 AD3d 748, 750; Board of Directors of Squire Green at Pawling Homeowners Assn, Inc. v Bell, 89 AD3d 657, 658).
In opposition, the defendants failed to raise a triable issue of fact as to whether the common charges had been paid or as to the amount owed. The defendants also failed to raise a triable issue of fact as to whether their nonpayment was excused by the plaintiff's alleged failure to make timely repairs to the unit (see Board of Directors of Squire Green at Pawling Homeowners Assn., Inc. v Bell, 89 AD3d at 658; Matter of Abbady [Mailman], 216 AD2d 115, 115-116). "[A]n individual unit owner cannot withhold payment of common charges and assessments in derogation of the condominium's bylaws based on defective conditions in his or her unit or in the common areas, or a disagreement with actions lawfully taken by the Board of Managers" (Matter of Abbady [Mailman], 216 AD2d at 115-116; see Real Property Law § 339-x; Frisch v Bellmarc Mgt., 190 AD2d 383, 389; Board of Mgrs. of Mews at N. Hills Condominium v Farajzadeh, 189 Misc 2d 38, 40 [App Term, 2d Dept]).
The defendants' remaining contentions relate to the merits of their counterclaim, which remains pending before the Supreme Court, and do not affect their obligation to pay common charges (see Matter of Abbady [Mailman], 216 AD2d at 116; Residential Board of Mgrs. of Century Condominium v Berman, 213 AD2d 206, 207).
Accordingly, the Supreme Court should have granted the plaintiff's motion, among other things, for summary judgment on the complaint.
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court