Board of Mgrs. of Grandview Condominiums v Medina (2026 NY Slip Op 00341)

Board of Mgrs. of Grandview Condominiums v Medina

2026 NY Slip Op 00341

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-11589
2023-11592
 (Index No. 712427/19)

[*1]Board of Managers of Grandview Condominiums, respondent, 
vGustavo Medina, appellant, et al., defendants.

Patrick C. Carroll, Carle Place, NY, for appellant.
Schneider Buchel LLP, Woodbury, NY (Ivana Garbowski and Mitchell J. Flachner of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a lien upon a condominium unit for nonpayment of common charges, the defendant Gustavo Medina appeals from two orders of the Supreme Court, Queens County (Sally E. Unger, J.), both dated August 1, 2023. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gustavo Medina and dismissing that defendant's second and fifth affirmative defenses and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on so much of the complaint as sought to recover unpaid monthly common charges that accrued before July 18, 2013, insofar as asserted against the defendant Gustavo Medina and dismissing so much of that defendant's second affirmative defense as related to that portion of the complaint, and substituting therefor provisions denying those branches of the motion; as so modified, the orders are affirmed insofar as appealed from, with one bill of costs to the defendant Gustavo Medina.
The defendant Gustavo Medina is the owner of a condominium unit in Grandview Condominiums located in Queens (hereinafter the condominium unit). On July 18, 2019, the plaintiff, Board of Managers of Grandview Condominiums, commenced this action against Medina, among others, to foreclose a lien upon the condominium unit for nonpayment of common charges. Thereafter, Medina interposed an answer in which he asserted, inter alia, affirmative defenses, including as his second affirmative defense, that the action was barred by the statute of limitations, and as his fifth affirmative defense, that the action was barred by the doctrine of laches. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Medina and dismissing Medina's second and fifth affirmative defenses and for an order of reference. Medina opposed the motion. In an order dated August 1, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. On the same date, the court issued another order, among other things, granting the same relief to the plaintiff and referring the matter to a referee to [*2]compute the amount due to the plaintiff. Medina appeals.
Pursuant to Real Property Law § 339-z, a condominium's board of managers, on behalf of the unit owners, shall have a lien on each unit for the unpaid common charges. Real Property Law § 339-aa provides that a condominium's board of managers may file the lien and that "[s]uch lien may be foreclosed by suit authorized by and brought in the name of the board of managers, acting on behalf of the unit owners, in like manner as a mortgage of real property."
In support of its motion, the plaintiff submitted, inter alia, the condominium's governing documents, including the bylaws, which provided for the assessment of common charges, Medina's deed, which stated that Medina's title is subject to, among other things, the requirements of the bylaws, an affidavit of the president of the plaintiff, which stated that Medina had failed to remit all outstanding common charges owed from January 1, 2005, through the time of the motion, records to demonstrate the amounts of each monthly payment due and unpaid between 2005 and 2020, and a supplemental lien for unpaid common charges, which was recorded on April 16, 2019, pursuant to Real Property Law §§ 339-z and 339-aa. Based upon these submissions, the plaintiff established the validity of its authority to impose monthly common charges, the existence of the monthly common charges, Medina's failure to pay the charges, the validity of the lien, and the recording of the lien, which would permit a foreclosure (see Board of Mgrs. of Brightwater Towers Condominium v Cheskiy, 109 AD3d 944, 945; see also Board of Directors of Squire Green at Pawling Homeowners Assn., Inc. v Bell, 89 AD3d 657, 658).
However, this action was subject to a six-year statute of limitations (see CPLR 213[2]). Separate causes of action accrued for each monthly common charge that was not paid, and the statute of limitations began to run on the date each monthly common charge became due (see id.; Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc., 105 AD3d 820, 822; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754-755). Here, as the plaintiff commenced this action on July 18, 2019, the plaintiff established its prima facie entitlement to judgment as a matter of law on so much of the complaint as sought to recover unpaid monthly common charges that accrued on or after July 18, 2013, insofar as asserted against Medina and dismissing so much of the second affirmative defense, which alleged that the action was barred by the statute of limitations, as related to that portion of the complaint. In opposition, Medina failed to raise a triable issue of fact. However, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on so much of the complaint as sought to recover unpaid monthly common charges that accrued before July 18, 2013, insofar as asserted against Medina and dismissing so much of Medina's second affirmative defense as related to that portion of the complaint (see Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694-695; Wells Fargo Bank, N.A. v Cohen, 80 AD3d at 754-755).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on so much of the complaint as sought to recover unpaid monthly common charges that accrued before July 18, 2013, insofar as asserted against Medina and dismissing so much of Medina's second affirmative defense as related to that portion of the complaint.
Medina's remaining contention is without merit.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court