■ ERIN M. CASSIDY, Formerly Known as ERIN M. C. ROONEY, Appellant, v COUNTY OF NASSAU et al., Respondents, et al., Defendant.—In an action to recover damages for unlawful eviction, trespass and negligence, the plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 3, 1987, as denied her motion

for partial summary judgment on the issue of liability against all the defendants except the County of Nassau and Julius Eisenstein, doing business as Stewart Manor Realty, and granted that branch of the defendant County of Nassau's cross motion pursuant to CPLR 3211 (a) (5), which was for dismissal of the complaint as against it, and (2) an order of the same court, dated January 5, 1988, which denied her motion (a) for leave to reargue and/or renew her motion for partial summary judgment on the issue of liability, and that branch of the cross motion by the County of Nassau pursuant to CPLR 3211 (a) (5) which was for dismissal of the complaint against it, and (b) pursuant to CPLR 3126, to strike the answer of and impose sanctions against all of the defendants except Julius Eisenstein, doing business as Stewart Manor Realty.

Ordered that the appeal from so much of the order dated January 5, 1988, as denied those branches of the plaintiff's motion which were for leave to reargue and/or renew her motion for partial summary judgment on the issue of liability and that branch of the cross motion of the County of Nassau, pursuant to CPLR 3211 (a) (5), which was for dismissal of the complaint as against it, is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated January 5, 1988, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated December 3, 1987, is modified, on the law, by granting that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability against the defendant Nassau County Sheriff; as so modified, the order is affirmed, without costs or disbursements, the action is severed as to the other named defendants and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

The defendant Julius Eisenstein, doing business as Stewart Manor Realty (hereinafter Eisenstein) was the landlord and owner of the apartment house where the plaintiff resided as a tenant. Eisenstein requested the defendant Nassau County Sheriff to evict the plaintiff and her personal belongings. The records of the Sheriff's office indicate that in an effort to effectuate substituted service, the notice of the warrant of eviction and the warrant of eviction were posted at the plaintiff's apartment on May 19, 1986. Copies of the documents were mailed to the plaintiff by regular and certified mail on May 22, 1986. However, the next day, May 23, the

eviction was conducted allegedly by certain Deputies from the Sheriff's office. The plaintiff further alleged that her belongings were placed unattended on the street, resulting in the loss or destruction of the items.

The documentary evidence from the Sheriff's records established, as a matter of law, that substituted service of the 72-hour notice was never properly effectuated upon the plaintiff since the personnel in the Sheriff's office had failed to mail copies of the document within one day of posting it (see, RPAPL 735 [1] [a]). Therefore, the eviction was unlawful because the plaintiff was not given the statutorily required 72-hour notice (see, RPAPL 749 [2]). Further, it is well settled that the Sheriff is liable for the acts of his Deputies when they are performing a civil function, such as an eviction (see, Glowinski v Braun, 105 AD2d 1153, appeal dismissed 65 NY2d 637; County of Monroe v AFSCME, Council 82, 90 AD2d 968). Accordingly, the plaintiff is entitled to partial summary judgment on the issue of liability as against the Sheriff.

However, we find that the denial of the plaintiff's request for partial summary judgment as against the defendant Deputy Sheriffs Bradley Otis, Joseph Ball, Thomas Moser and Vincent Scalla was proper. The liability of these individuals for the plaintiff's purported loss cannot be determined on the motion papers submitted to the Supreme Court.

In addition, we find that the complaint against the defendant County of Nassau was properly dismissed because the county is immune from liability for the acts of the Sheriff and his Deputies (see, NY Const, art XIII, § 13; Barr v County of Albany, 50 NY2d 247). Contrary to the plaintiff's contention, General Municipal Law § 50-j, which concerns police officers, does not impose liability upon the county for the negligence of the Sheriff's Deputies. A Deputy Sheriff acting in a civil capacity is not acting as a police officer. Further, by the enactment of County of Nassau Administrative Code, art XX, § 2001 the county did not assume liability for the tortious acts of the Sheriff's Deputies. The plaintiff's conclusory allegation that if discovery were permitted, additional information might be revealed which would provide a basis for imposing liability upon the county for the tortious acts of the Sheriff's Deputies is insufficient to warrant denial of that branch of the county's cross motion, pursuant to CPLR 3211 (a) (5), which was for dismissal of the complaint as against it (cf., CPLR 3211 [d]; see also, Marshall v Colvin Motor Parts, 140 AD2d 673, 674).

Those branches of the plaintiff's motion which were for leave to reargue and/or renew the prior motion, which had

been denied, and the cross motion of the County of Nassau, which had been granted, sought, in effect, only reargument of the prior motion and cross motion *(see, Anchor Sav. Bank v Alpha Developers,* 143 AD2d 711). Since no appeal lies from an order denying reargument *(see, Harper v Prudential Ins. Co.,* 102 AD2d 863), the appeal from so much of the order dated January 5, 1988, as denied those branches of the plaintiff's motion must be dismissed.

Contrary to the plaintiff's contention, we find no basis for disturbing the Supreme Court's denial of that branch of the plaintiff's motion, pursuant to CPLR 3126, which was for an order striking the answer of all the defendants except Eisenstein and imposing sanctions against all the defendants except Eisenstein. Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.