OPINION OF THE COURT
Sylvia Hinds-Radix, J.
Plaintiff commenced the instant action to foreclose a certain mortgage on real property located at 1271 East 89th Street, Brooklyn, New York. By reason of default, plaintiff moves for an *739 order (1) amending the summons and complaint nunc pro tunc to include and reflect the language and notice provisions required under section 1303 of the Real Property Actions and Proceedings Law, and (2) for an order appointing a referee to compute the amount owed to plaintiff on the note and mortgage.
RPAPL 1303 provides, in pertinent part, that effective February 1, 2007:
“(1) The foreclosing party in a mortgage foreclosure action shall provide notice to the mortgagor in accordance with the provisions of this section with regard to information and assistance about the foreclosure process.
“(2) The notice required by this section shall be delivered with the summons and complaint to commence a foreclosure action. The notice required by this section shall be in bold, fourteen-point type and shall be printed on colored paper that is other than the color of the summons and complaint, and the title of the notice shall be in bold, twenty-point type. The notice shall be on its own page.”
The notice shall be designated as follows, “Help for Homeowners in Foreclosure.” (RPAPL 1303 [3].)
In this action, the plaintiffs summons and complaint and notice of pendency were filed with the County Clerk on April 30, 2007, after the effective date of RPAPL 1303, thereby requiring compliance with the notice provisions set forth in the statute. The RPAPL 1303 notice requirements are not a part of the summons and complaint, as is herein suggested by the plaintiff, but is a notice that must be served with the summons and complaint. Based on a review of the moving papers and exhibits, there is no evidentiary proof upon which this court may properly conclude that the requirements of RPAPL 1303 (2) were satisfied when the summons and complaint were served. Given the explicit statutory requirements of RPAPL 1303, it is this court’s position that such a defect can only be corrected by the proper service of the summons and complaint and the RPAPL 1303 required notices.
Accordingly, plaintiffs application for an order amending the summons and complaint nunc pro tunc and to appoint a referee to compute the amount due under the mortgage is denied and the action is dismissed.