[899 NYS2d 256]

FIRST NATIONAL BANK OF CHICAGO, Respondent, v ALVIN SILVER
et al., Appellants, et al., Defendant.

Second Department, March 23, 2010

### APPEARANCES OF COUNSEL

*Smith, Buss & Jacobs, LLP*, Yonkers (*Jeffrey D. Buss* of counsel), for appellants.

*Zavatsky Mendelsohn & Levy, LLP*, Syosset (*John Tangel* of counsel), for respondent.

### OPINION OF THE COURT

FLORIO, J.

In this matter we are asked to determine an issue of first impression at the appellate level, that is, whether the failure to comply with notice requirements of the Home Equity Theft Prevention Act (Real Property Law § 265-a [hereinafter HETPA]) must be raised as an affirmative defense or whether it can be raised at any time during an action. We hold that it can be raised at any time and, therefore, reverse, insofar as appealed from, the order of the Supreme Court granting the plaintiff's motion, inter alia, for summary judgment on the complaint and to appoint a referee to compute and, in effect, denying the cross motion of the appellants, Alvin Silver and Pearl Silver,[1] among other things, for summary judgment dismissing the complaint insofar as asserted against them.

---

1. The Cedar Glenn Homeowners Association, Inc., and the Commissioner of the New York State Department of Taxation and Finance are also named defendants in this action. It appears that the subject property is part of the Cedar Glenn Homeowners Association and, thus, it was named as a defendant. The Commissioner of the New York State Department of Taxation and Finance is named as a defendant because that Department has a lien on the subject premises due to an outstanding tax judgment against Alvin Silver.

## The Factual Background

On April 9, 1999 the appellants borrowed $324,000 from M.L. Moskowitz & Co., Inc. They executed and delivered a promissory note to M.L. Moskowitz & Co., Inc., agreeing to repay that amount over 30 years. They also executed and delivered a mortgage on their home, as collateral security for the loan. The mortgage indicates that the premises is a one- or two-family dwelling, to be occupied by the borrowers (i.e., the appellants) as their principal residence. On April 14, 1999 the mortgage and note were assigned by M.L. Moskowitz & Co., Inc., to the plaintiff First National Bank of Chicago, as trustee. On April 28, 1999 this mortgage was recorded in the County of Nassau and, on February 1, 2000, the assignment also was recorded there. There are no further assignments of this mortgage and note contained in the record.

Eventually, on October 17, 2007 the plaintiff filed a summons, unverified complaint, and notice of pendency to commence this foreclosure action, alleging that since July 1, 2007 the appellants had failed to make the required payments due pursuant to the promissory note and mortgage. The plaintiff does not allege, nor does the record reflect, that the required HETPA notice was delivered with the summons and complaint. In response, the appellants filed an answer, dated December 12, 2007. Significantly, their answer did not allege a failure to comply with HETPA.

By notice of motion dated March 12, 2008, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the appellants' answer, and to appoint a referee to compute the total amount due with respect to the subject loan. The plaintiff contended that it had established prima facie proof of its entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of default. Thus, it contended that the burden shifted to the appellants to raise a triable issue of fact that payment was made.

In response, by notice of cross motion dated March 27, 2008, the appellants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In his affirmation, the appellants' counsel, among other things, citing HETPA, asserted that New York's public policy is to protect homeowners from foreclosure and, therefore, the Supreme Court should not look lightly upon the plaintiff's failure to meet its burden of proof. Counsel expanded upon this argument in a memorandum of law, which outlined the mandatory notice pro-

visions required by HETPA.[2] Counsel asserted that since the plaintiff failed to comply with said provisions, the action must be dismissed as a matter of law.

The plaintiff opposed the cross motion, arguing, inter alia, that HETPA is not relevant to the instant matter and is a red herring. The plaintiff did not contend that it was improperly raised.

On October 7, 2008 the Supreme Court issued an order granting the plaintiff's motion, and, in effect, denying the appellants' cross motion. On appeal, the appellants contend, inter alia, that the Supreme Court erred in granting the motion and, in effect, denying the cross motion because the plaintiff failed to comply with the notice requirements in HETPA. We agree.

## Discussion

HETPA was enacted in July 2006. It consisted of amendments to the Banking Law, Real Property Law, and Real Property Actions and Proceedings Law (hereinafter the RPAPL). At issue here are the requirements added to foreclosure proceedings by RPAPL 1303, which deal with the required statutory notice. The underlying purpose of HETPA was to afford greater protections to homeowners confronted with foreclosure (*see* Senate Introducer Mem in Support, Bill Jacket, L 2006, ch 308, at 7-9; *Countrywide Home Loans, Inc. v Taylor*, 17 Misc 3d 595 [2007]).

HETPA became effective on February 1, 2007. It requires the foreclosing party in a residential mortgage foreclosure action to deliver statutory-specific notice to the homeowner, together with the summons and complaint (*see* RPAPL 1303 [1]). Specifically, RPAPL 1303 (2), as enacted, stated:

> "[t]he notice required by this section shall be delivered with the summons and complaint to commence a foreclosure action. The notice required by this section shall be in bold, fourteen-point type and shall be printed on colored paper that is other than the color of the summons and complaint, and the title of the notice shall be in bold, twenty-point type. The notice shall be on its own page."

While there is no appellate authority directly on point, the courts that have considered the character of the notice have

_____

2. RPAPL 1303 requires the foreclosing party in a residential mortgage foreclosure to provide specific notice to a homeowner in order to proceed with a foreclosure action. The notice must be in bold, 14-point type, printed on colored paper other than the color of the summons and complaint, and the title of the notice must be in bold, 20-point type (*see* RPAPL 1303).

consistently interpreted HETPA's notice requirement as a mandatory condition or condition precedent. That is, the foreclosing party has the burden of showing compliance therewith and, if it fails to demonstrate such compliance, the foreclosure action will be dismissed (*see e.g., Butler Capital Corp. v Cannistra*, 26 Misc 3d 598 [2009]; *Deutsche Bank Trust Ams. v Eisenberg*, 24 Misc 3d 1205[A], 2009 NY Slip Op 51271[U] [2009]; *Citimortgage, Inc. v Villatoro-Guzman*, 2009 NY Slip Op 30983[U] [Sup Ct, Suffolk County 2009]; *HSBC Bank USA, N.A. v Boucher*, 2009 NY Slip Op 31617[U] [Sup Ct, Suffolk County 2009]; *WMC Mtge. Corp. v Thompson*, 24 Misc 3d 738 [2009]; *Countrywide Home Loans, Inc. v Taylor*, 17 Misc 3d at 599).

In *WMC Mtge. Corp. v Thompson* (24 Misc 3d 738 [2009]), the plaintiff commenced a foreclosure action and, after the mortgagor defaulted, it moved for leave to amend the summons and complaint nunc pro tunc to include the required notice provision under RPAPL 1303, and to appoint a referee to compute the amount owed. The Supreme Court, in effect, denied the motion, implicitly concluding that the foreclosing party had failed to meet its burden under the statute. It then found that the only way to cure the failure to comply with the "explicit statutory requirements of RPAPL 1303" was by the proper service of the summons and complaint, along with the notice required by RPAPL 1303 (*id.* at 739).[3]

Similarly, in *Countrywide Home Loans, Inc. v Taylor* (17 Misc 3d at 599), the Supreme Court dismissed a foreclosure action, finding that "[g]iven the explicit statutory requirements regarding the content, type size and paper color of the notice, the plaintiff must submit proper evidentiary proof to establish full compliance with the substantive and procedural requirements of RPAPL § 1303." The Supreme Court went on to state that "[m]erely annexing a copy of a purportedly compliant notice does not provide a sufficient basis upon which the court may conclude as a matter of law that the plaintiff [foreclosing party] has complied" (*id.*). The Supreme Court placed the burden on the plaintiff to demonstrate compliance with the statute and, since it failed to do so, that court denied the defendant's application for an order of reference and dismissed the action (*id.*).

---

**3.** The statute is unclear as to whether or not the notice required by HETPA must be filed with the County Clerk when the action is commenced by the filing of the summons and complaint.

There is only one case, to date, where the court did not dismiss a foreclosure action for failure to strictly comply with HETPA's notice requirement. In that case, *Trustco Bank v Alexander* (23 Misc 3d 1129[A], 2009 NY Slip Op 50996[U] [2009]), on September 3, 2008, the plaintiff served and filed with the County Clerk a summons and complaint, notice of pendency, and statutory notice as required by the original enactment of HETPA in 2006 (*id.*). However, HETPA was amended on August 1, 2008, to require additional inclusions in notices sent after September 1, 2008 (*id.*). The Supreme Court found that the mistake was nonprejudicial pursuant to CPLR 2001, concluding, in effect, that the deficiencies in the outdated (by only two days) notice were only minor. Thus, the Supreme Court held that the deficiencies should be disregarded, as the defendant was a sophisticated mortgagor having owned and operated a mortgage brokerage business and, therefore, was well aware that he was in danger of losing his home and should have been wary of rescue scams (*id.*). This case is clearly distinguishable because, in the instant matter, no notice was served.

Thus, it appears that the various lower court decisions dealing with this issue have treated the notice required by HETPA as a mandatory condition or condition precedent to the proper commencement of a foreclosure action, that is, the foreclosing party has the burden of showing compliance therewith.

This treatment of statutory notice as a condition precedent appears to be similar to the manner in which courts have treated other statutory notice requirements, that is, the courts place the burden of showing compliance on the party having the requirement to provide the statutory notice.

For example, RPAPL 735 (1) sets out the relevant statutory notice for summary evictions. It provides that

> "[s]ervice of the notice of petition and petition *shall* be made by personally delivering them to the respondent . . . and in addition, within one day after such delivering to such suitable person or such affixing or placement, *by mailing to the respondent both by registered or certified mail and by regular first class mail*" (emphasis added).

In *Cassidy v County of Nassau* (146 AD2d 595, 597 [1989]), this Court held that a Sheriff's office violated RPAPL 735 (1) because "[t]he documentary evidence from the Sheriff's records established, as a matter of law, that substituted service of the

72-hour notice was never properly effectuated upon the plaintiff since the personnel in the Sheriff's office had failed to mail copies of the document within one day of posting it." Thus, the eviction was deemed unlawful and the Sheriff was liable for damages.

Real Property Law § 232-a, the relevant provision for notice to terminate a holdover tenant, states that

> "[n]o monthly tenant, or tenant from month to month, shall hereafter be removed from any lands or buildings . . . unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant, in the same manner in which a notice of petition in summary proceedings is now allowed to be served by law, a notice in writing to the effect that the landlord elects to terminate the tenancy" (emphasis added).

In *W54-7 LLC v Schick* (14 Misc 3d 49 [2006]), the Appellate Term, First Department, held that a tenant's failure to raise the notice issue in his initial dismissal motion, or to plead it with specificity in his answer, did not serve to relieve the landlord of its burden to establish compliance with statutory requirements. The Appellate Term explained that compliance with statutory notice represents a condition precedent to the maintenance of a summary eviction proceeding, and the burden is on the landlord to prove compliance therewith (*id.*; *see also 170 W. 85th St. Tenants Assn. v Cruz*, 173 AD2d 338 [1991]).

The same treatment has been accorded to required statutory notices in other statutes. Vehicle and Traffic Law § 313 provides that

> "[e]very notice or acknowledgment of termination for any cause whatsoever sent to the insured *shall* include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained continuously throughout the registration period and a notice prescribed by the commissioner indicating the punitive effects of failure to maintain continuous proof of financial security and actions which may be taken by the insured to avoid such punitive effects" (emphasis added).

Thus, in a proceeding to stay arbitration of an uninsured motor vehicle claim, this Court held that the cancellation of an automobile insurance policy was ineffective when the notice of

cancellation sent by the insurance company lacked the statutorily-mandated statement as to the requirement of proof of financial security (*see Matter of Material Damage Adj. Corp. v King*, 1 AD3d 439 [2003]; *see also Matter of Progressive Northeastern Ins. Co. v Robbins*, 279 AD2d 631 [2001]).

General Municipal Law § 50-e explicitly requires the service of a notice of claim as a condition precedent to a suit against a public corporation. In *Laroc v City of New York* (46 AD3d 760 [2007]), this Court held that municipal defendants were under no obligation to plead, as an affirmative defense in a medical malpractice action, the plaintiff's failure to comply with the statutory notice of claim requirement. Moreover, this Court found that "the defendants' participation in pretrial discovery did not preclude them from raising the untimeliness of the notice of claim" (*id.* at 761; *see also Hall v City of New York*, 1 AD3d 254, 256 [2003]).

As in HETPA, all of these statutes contain the word "shall." Moreover, the cases that discussed HETPA all dismissed the complaint where the plaintiff totally failed to show compliance with HETPA's notice requirements, regardless of when the defendant raised the issue. Thus, it is appropriate to place the burden of showing compliance on the foreclosing party. Accordingly, we hold that this is a condition precedent which is the plaintiff's burden to meet, and which does not have to be raised as an affirmative defense in the answer.

## Conclusion

In the instant matter, the summons and complaint and notice of pendency were filed with the County Clerk on October 16, 2007, after the effective date of RPAPL 1303, thereby requiring compliance with its notice provisions. Since the appellants raised the issue, albeit belatedly, and the foreclosing party failed to meet its burden of establishing compliance with the notice requirements of HETPA, the complaint should have been dismissed.

Additionally, there is no merit to the plaintiff's contention that this issue is not properly before this Court. The appellants asserted the plaintiff's failure to comply with the notice requirements of HETPA in their papers. Moreover, the plaintiff's counsel's affirmation in opposition to the cross motion responded to this argument, stating, "the [appellants] fail to explain how [HETPA] has any relevance here whatsoever and it is respectfully submitted the reference to same is nothing more

than a red herring.'' Thus, it is clear that the appellants raised the issue, and the plaintiff responded in what it believed was an appropriate manner to this issue when it was raised in the Supreme Court.

In light of the foregoing, we need not reach the parties' remaining contentions. Therefore, the order is reversed insofar as appealed from, on the law, the plaintiff's motion, inter alia, for summary judgment on the complaint and to appoint a referee to compute is denied, and the appellants' cross motion, among other things, for summary judgment dismissing the complaint insofar as asserted against them is granted.

DILLON, J.P., BALKIN and LEVENTHAL, JJ., concur.

Ordered that the order is reversed. insofar as appealed from, on the law, with costs, the plaintiff's motion, inter alia, for summary judgment on the complaint and to appoint a referee to compute is denied, and the appellants' cross motion, among other things, for summary judgment dismissing the complaint insofar as asserted against them is granted.