OPINION OF THE COURT
Lawrence H. Ecker, J.
This mortgage foreclosure action raises a novel and important issue regarding the legality of substituting nunc pro tunc a newly signed affidavit of merit and amount due in place of the original affidavit after the latter was used by the mortgagee to obtain an order of reference and judgment of foreclosure and sale.
Plaintiff Litton Loan Servicing, LR moves for an order pursuant to CPLR 5019 (a) and CPLR 2001 requesting the court to substitute an affidavit of merit and amount due, nunc pro tunc, in place of the affidavit attached to the initial motion papers and validating the order of reference, as well as the judgment of foreclosure and sale, both previously granted by the court, and permitting plaintiff to proceed to foreclosure sale.
Procedural Background
On November 4, 2009, plaintiff commenced this foreclosure action by filing a summons and complaint with the Orange County Clerk (motion, exhibit A). After defendant Cesar A. Polanco failed to appear, plaintiff moved for an order of reference to appoint a referee to compute the amount due on the note. In support of the application, plaintiff submitted an affidavit of merit and amount due, dated November 24, 2009. The affidavit was executed by plaintiffs foreclosure manager, Christopher Spradling, and purports to establish the amount Mr. Polanco owed under the note (motion, exhibit C). On July 13, 2010, this *332 court (Lubell, J.) granted plaintiffs application for an order of reference. (Motion, exhibit B.) The order of reference amended the caption to add Mayra Reyes as a codefendant and appointed Ryan S. Karben, Esq., as Referee. Mr. Karben subsequently submitted a referee’s report on August 19, 2010 which indicated as of that date, Polanco owed $234,291.38 under the note. Thereafter, plaintiff moved for an order confirming the referee’s report and for a judgment of foreclosure and sale. The moving papers included the same affidavit of Christopher Spradling. On September 13, 2010, this court (Lubell, J.) granted plaintiffs application.
On October 20, 2010, then Chief Administrative Judge Ann T. Pfau instituted Administrative Order of the Chief Administrative Judge of the Courts (Administrative Order) No. 548/10, applicable to residential foreclosure actions. Pursuant to the order, plaintiffs counsel is required to submit an affirmation attesting to the accuracy of the documents and notarizations submitted to the court. The Office of Court Administration, in its press release announcing the new affirmation filing requirement, stated it was instituted
“to protect the integrity of the foreclosure process and prevent wrongful foreclosures . . . The new filing requirement was introduced by the Chief Judge in response to recent disclosures by major mortgage lenders of significant insufficiencies — including widespread deficiencies in notarization and ‘robosigning’ of supporting documents — in residential foreclosure filings in courts nationwide.”[1]
Addressing the purpose of the affirmation requirement, Chief Judge Lippman noted:
“We cannot allow the courts in New York State to stand by idly and be party to what we now know is a deeply flawed process, especially when that process involves basic human needs — such as a family home — during this period of economic crisis. This new filing requirement will play a vital role in ensuring that the documents judges rely on will be thoroughly examined, accurate, and error-free *333 before any judge is asked to take the drastic step of foreclosure.”[2]
On March 2, 2011, Administrative Order No. 431/11 replaced Administrative Order No. 548/10 nunc pro tunc to November 18, 2010.[3] It enlarged the scope of counsel’s investigative duties under Administrative Order No. 548/10. Pursuant to Administrative Order No. 431/11, the affirmation must be submitted at one of three stages: (i) for cases not filed as of October 20, 2010, the affirmation is to be filed with the request for judicial intervention; (ii) for cases where a judgment of foreclosure and sale has not been entered, the affirmation must be submitted at the time of filing for an order of reference or judgment of foreclosure and sale; and (iii) for cases where a judgment of foreclosure and sale has been entered, but the property has not been sold, the affirmation is to be submitted at least five business days before the foreclosure auction. In the instant case, as plaintiff obtained a judgment of foreclosure and sale prior to the issuance of Administrative Order Nos. 548/10 and 431/11, plaintiffs counsel was obligated to submit the affirmation at least five business days before the foreclosure sale.
While preparing for the foreclosure sale, plaintiff attempted to comply with Administrative Order No. 431/11 but was unable to do so. Plaintiffs counsel explains “[t]his firm was notified by its client that they cannot confirm the accuracy with regard to the execution and/or notarization of the Affidavits of Merit and Amount Due . . . and, therefore, the certification cannot be provided.” (Motion, Paluch affirmation 1i 7.) The attorney affirmation goes on to state,
“while the Plaintiff cannot confirm the proper execution and/or notarization of said Affidavit, they have verified that the amounts set forth and that the claims set forth are true and accurate. In fact, the information contained in the Affidavit of Merit and Amount Due mirrors that which is set forth in the Complaint.” (Motion, Paluch affirmation U 8.)
Plaintiff seeks to remedy this by submitting a new affidavit of merit and amount due in place of the original affidavit nunc pro tunc. Plaintiff claims this application should be granted as it would not prejudice a substantial right of any party as there is “no new material fact set forth in the Affidavit” and “there is no dispute that the information set forth ... is correct.” (Motion, Paluch affirmation 1Í1Í12-13.)
*334 The court notes the new affidavit eliminates the paragraph contained in the original affidavit which states that “deponent has reviewed the original note, mortgage, and if applicable, assignments of mortgage, kept in the regular course of business by thus institution. Deponent finds the same to be in proper form, duly executed and notarized where applicable, and mortgage tax paid there.” (Motion, Spradling aff 1i 5.)
Of further note, the July 14, 2011 proposed affidavit of merit and amount due was not executed by an officer of plaintiff, but rather by William Ashley, vice-president of Green Tree Servicing (motion, exhibit E). Mr. Ashley states the note executed by Polanco has since been transferred to Green Tree Servicing by assignment dated January 26, 2011. The proposed affidavit does not contain a copy of the purported assignment. In addition, Green Tree Servicing has not made an application to be substituted as plaintiff in this action.
Discussion
CPLR 2001 provides in pertinent part: “[a]t any stage of an action, . . . the court may permit a mistake, omission, defect or irregularity ... to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.”
In addition, CPLR 5019 allows a court to correct ministerial mistakes in judgments which do no affect a substantial right of any party. (Haggerty v Market Basket Enters., Inc., 8 AD3d 618 [2d Dept 2004].)
As evident by Chief Judge Lippman’s statement, supra, the purpose of the affirmation requirement is to ensure the accuracy of the documents submitted in residential foreclosure actions. Ensuring the accuracy of the documents submitted is imperative in any action as courts rely on the submissions of counsel throughout the adjudication process. The fact that the affirmation requirement is specific to residential foreclosure actions speaks to the importance of the “basic human need[ ]” at stake.
In the instant case, plaintiff obtained an order of reference and judgment of foreclosure and sale based upon the original affidavit of merit and amount due (motion, exhibit C). Without the court’s reliance on the accuracy of the information contained in that affidavit, plaintiff would not have been granted an order *335 of reference (RPAPL 1321; CPLR 3212 [b]).[4] In addition, without the court’s reliance on the affidavit, plaintiff would not have obtained a judgment of foreclosure and sale as the filing of a properly executed and notarized affidavit of merit and amount due is a condition precedent to the granting of a judgment of foreclosure and sale, not a mere irregularity.
In a similar application, the Honorable Robert J. McDonald in U.S. Bank N.A. v Hemraj (index No. 23557/2009, NYLJ 1202514858250, *4 [Sup Ct, Queens County 2011]) in denying the application, held,
“As the contents, proper execution and proper notarization of the affidavit of merit previously submitted was relied upon by this Court in granting the Judgment of Foreclosure, the plaintiffs admission that the affidavit was not properly executed [a]ffects the validity of the Judgment of Foreclosure and as such [a]ffects a substantial right of a party. In that regard, the prior affidavit states that, ‘deponent makes this affidavit knowing that the Referee in this matter and the Court appointing the same will rely on the truth and veracity of the statements contained herein.’ ”
In the instant matter, the identical language was contained in the Spradling affidavit (If 10).
The court determines the issuance of an order of reference and judgment of foreclosure and sale based upon a defective affidavit of merit and amount due affected a substantial right of defendants, namely their right to remain in their home. Allowing plaintiff to submit a new affidavit of merit and amount due at this late juncture, nunc pro tunc, runs contrary to the very purpose of the affirmation requirement. (U.S. Bank N.A. v Hemraj, supra; Wells Fargo Bank, N.A. v Shivmangal, Sup Ct, Queens County, July 12, 2011, Kerrigan, J., index No. 23627/ 2008.)
Accordingly, plaintiffs motion is denied.
Because plaintiff cannot comply with Administrative Order No. 431/11, it cannot conduct a foreclosure sale. While there is sparse case law regarding a mortgagee’s inability to comply with Administrative Order No. 431/11, a number of recent deci *336 sions have addressed a mortgagee’s failure to comply with other requirements specific to residential foreclosure actions.
In First Natl. Bank of Chicago v Silver (73 AD3d 162 [2d Dept 2010]) the Court reversed an order of the Nassau County Supreme Court and dismissed a foreclosure action for failure to comply with RPAPL 1303 (Home Equity Theft Prevention Act [HETPA] notice). RPAPL 1303 requires the HETPA notice to be delivered with the summons and complaint in residential foreclosure actions. The Court held the foreclosing party has the burden of showing compliance with a mandatory condition precedent and the mortgagee’s failure to comply with RPAPL 1303 warranted dismissal of the action.
In WMC Mtge. Corp. v Thompson (24 Misc 3d 738 [Sup Ct, Kings County 2009, Hinds-Radix, J.]), the court denied plaintiffs application to amend the summons and complaint, nunc pro tunc, to effect compliance with RPAPL 1303’s HETPA notice requirement. It dismissed the action, reasoning compliance with the notice requirement could only be satisfied when it was delivered with the summons and complaint.
In Aurora Loan Servs., LLC v Weisblum (85 AD3d 95, 103 [2d Dept 2011]), the Court considered the 90-day pre-foreclosure notice under RPAPL 1304, holding “proper service of the RPAPL 1304 notice containing the statutorily-mandated content is a condition precedent to the commencement of the foreclosure action. The plaintiff’s failure to show strict compliance requires dismissal.”
Unlike the requirements imposed by RPAPL 1303 and 1304, Administrative Order No. 431/11 is not jurisdictional in nature. As discussed, supra, at the earliest, the affirmation is to be submitted with a request for judicial intervention and thus is not a mandatory condition precedent to commencing an action. Therefore, a mortgagee’s inability to comply with Administrative Order No. 431/11 does not require dismissal of the action. Therefore, this court is left to fashion its own remedy that is consistent with the purpose of Administrative Order No. 431/ 11.
Accordingly, on its own motion, the court vacates the order of reference dated July 13, 2010, the referee’s report dated August 19, 2010, and the judgment of foreclosure and sale, dated September 13, 2010.

. See New York State Unified Court System Press Release, New York Courts First in Country to Institute Filing Requirement to Preserve Integrity of Foreclosure Process, Oct. 20, 2010, available at http://www.nycourts.gov/press/ pr2010_12.shtml

. Id.

. See http://www.nycourts.gov/attorneys/pdfs/AdminOrder_2010 10_20.pdf

. CPLR 3212 (b) provides in relevant part, “[a] motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts.”