OPINION OF THE COURT
Carolyn E. Demarest, J.
Plaintiff Cadelrock Joint Venture, L.P moves for an order, pursuant to CPLR 2308 and 5251, punishing defendant Rawlins Callender for contempt of, violation of and noncompliance with a subpoena duces tecum dated March 8, 2013, compelling defendant to comply with the subpoena and directing defendant to pay plaintiffs attorneys for the fees and expenses incurred in making the motion in an amount not less than $750. Defendant cross-moves for an order vacating the default judgment entered against him and dismissing this action on the ground that plaintiff failed to serve notice required by Real Property Actions and Proceedings Law § 1304.
Plaintiff commenced this action to recover on a mortgage note given by defendant on December 27, 2006 to secure a loan in the amount of $134,000. The note was originally executed in favor of Lend America, which assigned the instrument to plaintiff by endorsement. The loan secured by the note at issue was the smaller of two mortgage loans (the other being in the amount of $538,000), utilized by defendant toward the purchase of residential real property located at 1210 East 58th Street in Brooklyn, which is his home. In conjunction with the notes, defendant executed two mortgages on the premises.
Following defendant’s default under the subject note and mortgage, plaintiff commenced the instant action at law to recover on the note, rather than bring an action in equity to foreclose on the mortgage. According to the affidavit of plaintiffs process server, defendant was served with process by affixing the summons and complaint to defendant’s dwelling house (1210 East 58th Street, 1st floor, Brooklyn, NY 11234) on February 22, 2011 and thereafter mailing process to said premises by first-class mail on February 23, 2011. Following defendant’s failure to timely appear or answer, plaintiff entered a default judgment in the amount of $172,919.31 with the Kings County Clerk *905 on April 28, 2011. On March 15, 2013, defendant was served by “nail and mail” with a subpoena duces tecum, pursuant to CPLR 5223 and 5224, requiring, among other things, that defendant produce certain documents and appear for a postjudgment deposition. The subpoena included a restraining notice pursuant to CPLR 5222.
On April 10, 2013, defendant moved by order to show cause for an order (1) dismissing the complaint for lack of personal jurisdiction; or (2) alternatively, permitting defendant to interpose an answer; and (3) releasing any and all funds seized from defendant’s bank accounts. The order to show cause further sought, among other things, that the subpoena duces tecum be quashed by reason of the lack of personal jurisdiction over defendant. By order dated May 15, 2013, this court denied defendant’s motion, noting that defendant failed to appear upon the call of the case.
On May 16, 2013, plaintiff moved for an order, pursuant to CPLR 2308 and 5251, finding defendant in contempt of the subpoena duces tecum. Defendant cross-moved for an order vacating the judgment entered on default and dismissing the instant action on the ground that plaintiff failed to serve the notice required under RPAPL 1304 for actions involving “home loans.”
In its present form, RPAPL 1304 (1) provides that “with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower” that he or she is at risk of losing his or her home. A “home loan” is defined in RPAPL 1304 (5) (a) as
“a loan, including an open-end credit plan, other than a reverse mortgage transaction, in which:
“(i) The borrower is a natural person;
“(ii) The debt is incurred by the borrower primarily for personal, family, or household purposes;
“(iii) The loan is secured by a mortgage or deed of trust on real estate improved by a one to four family dwelling, or a condominium unit, in either case, used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons and which is or will be occupied by the borrower as the borrower’s principal dwelling; and
*906 “(iv) The property is located in this state.”
Proper service of the RPAPL 1304 notice containing the statutorily-mandated content is a condition precedent to the commencement of the foreclosure action, and the plaintiffs failure to show strict compliance is grounds for dismissal of the action (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103 [2011]).
Plaintiff does not dispute that the subject mortgage loan is a “home loan” as defined by the statute. There is also no dispute that plaintiff did not serve any notice to defendant. Notwithstanding, plaintiff contends that the provisions of RPAPL 1304 do not apply to the instant action as plaintiff is not foreclosing on the mortgage and plaintiff is not a “lender” as defined in the statute. This court finds plaintiffs arguments unavailing.
In Aurora Loan Servs., LLC v Weisblum (85 AD3d at 107), the Appellate Division, Second Department addressed the statutory purpose of the RPAPL 1304 notice, stating:
“The content of the RPAPL 1304 notice furthers the legislative declaration in HETPA of ‘the express policy of the state to preserve and guard the precious asset of home equity’ (Real Property Law § 265 a [1] [b]), and the legislative intent ‘to provide a homeowner with information necessary ... to preserve and protect home equity’ (Real Property Law § 265 a [1] [d]). Since RPAPL 1304 notice must be sent at least 90 days prior to the commencement of an anticipated foreclosure action, its manifest purpose is to aid the homeowner in an attempt to avoid litigation. The legislative history noted a typical lack of communication between distressed homeowners and their lenders prior to the commencement of litigation, leading to needless foreclosure proceedings. The bill sponsor sought ‘to bridge that communication gap in order to facilitate a resolution that avoids foreclosure’ by providing a preforeclosure notice advising the borrower of ‘housing counseling services available in the borrower’s area’ and an ‘additional period of time ... to work on a resolution’ (Senate Introducer Mem. in Support, Bill Jacket, L 2008, ch 472, at 10).”
As RPAPL 1304 is remedial in nature, its provisions must be liberally construed (see Lucia v Goldman, 68 AD3d 1064 [2009]). While the legislature may have been inspired primarily by the troubling increase in the frequency of foreclosures in the years *907 prior to the adoption of RPAPL 1304, the plain terms of the statute do not limit its application to foreclosure actions. Construed broadly, the statute must be deemed applicable to any “legal action” commenced against a borrower who had taken out a “home loan.” While the statute provides that such “legal action” includes a foreclosure action, there is nothing within the language of RPAPL 1304 which limits its application to foreclosure actions. The court is mindful of the fact that the mortgaged property may not be sold pursuant to an execution on a money judgment on the note (CPLR 5236 [b]). However, where a borrower is subject to levy upon his or her personal property, motor vehicle, savings account and/or other assets, such could result in the borrower being compelled to sell the property in order to protect these possessions. Further, as is alleged in this matter, a judgment on a junior mortgage note may complicate settlement negotiations between a defaulting borrower and a senior mortgagee. Thus, the salutary purpose of RPAPL 1304 — to provide a borrower a period of time to seek legal and financial counsel, to seek resolutions from the lender for the repayment of the mortgage debt and to help the borrower retain possession of his or her home — is effectuated by the statute’s application to legal actions on the mortgage note.
While plaintiff argues that it is not a “lender” as defined by RPAPL 1304, the statute expressly applies to an action brought by an “assignee.” There is no contention that plaintiff’s assignor, Lend America, was not a “lender” as defined by the statute.
Accordingly, this court finds that RPAPL 1304 is applicable to actions at law to recover on a note securing a “home loan” in addition to actions for foreclosure.
In response to defendant’s motion to vacate and dismiss the action, which is predicated exclusively upon the plaintiffs failure to provide the notice required under RPAPL 1304 (1), plaintiff relies upon the recent decision of the Appellate Division, Third Department in Pritchard v Curtis (101 AD3d 1502 [3d Dept 2012]), in which that Court held that, while service of the RPAPL 1304 notice is a condition precedent to suit and the failure to provide such notice is an affirmative defense, such failure is not jurisdictional so as to deprive the Court of subject matter jurisdiction to adjudicate the case. The plaintiff therefore argues that in order to enforce the mandate of RPAPL 1304, defendant must establish his entitlement to have the default judgment vacated under CPLR 5015 (a). It is noted that, unlike the *908 case at bar, the Pritchard case did not involve a default judgment but included protracted litigation of claims of fraudulent conveyance (see Pritchard v Curtis, 95 AD3d 1379 [3d Dept 2012]). Thus, that decision, affirming the denial of the motion to vacate a prior judgment rendered following vigorous litigation, merely upon the failure to have given notice under RPAPL 1304, is not dispositive of the issues here.
In First Natl. Bank of Chicago v Silver (73 AD3d 162 [2d Dept 2010]), the Appellate Division of this Department found that RPAPL 1303, which mandates notice to a mortgagor under the Home Equity Theft Prevention Act (HETPA) (Real Property Law § 265-a), is a mandatory condition precedent to foreclosure, compliance with which must be established by plaintiff. The failure to demonstrate compliance was held not to be an affirmative defense, but may be raised at any time. The Court held that plaintiffs failure to demonstrate compliance with the notice requirement mandates dismissal of the action (73 AD3d at 169).
In Aurora Loan Servs., LLC v Weisblum (85 AD3d 95, 103 [2d Dept 2011]), the Second Department expressly applied its reasoning in Silver to the notice requirement of RPAPL 1304, finding such notice to be a statutorily-mandated condition precedent to commencement of the foreclosure action and that “[t]he plaintiffs failure to show strict compliance requires dismissal.” As in Silver, the Court noted that the purpose of the statutory notice provisions is “to afford greater protections to homeowners confronted with foreclosure” in order to effect “ ‘the express policy of the state to preserve and guard the precious asset of home equity’ ” (85 AD3d at 103, 107, quoting Real Property Law § 265-a [1] [b]).
In Deutsche Bank Natl. Trust Co. v Spanos (102 AD3d 909, 910 [2013]), the Second Department reiterated the rule that the notice requirement of RPAPL 1304 is a condition precedent to foreclosure which must be proved by plaintiff in order to make out a prima facie entitlement to recover. In Spanos, while the Court found that plaintiff had not proved its service of the 1304 notice, it had alleged service of such notice, which defendant had not disproved. Thus, neither side was entitled to summary judgment on the motion. In this case, it is undisputed that no notice pursuant to RPAPL 1304 was ever served prior to commencement of suit.
In his affidavit in support of his cross motion, defendant explains that when he purchased the subject residential prop *909 erty in 2006, he “wound up” with two loans and related mortgages, the smaller of which, subordinate to the larger loan, is the subject of the instant suit. When, as a result of losing section 8 subsidies for tenancies in the building, he could no longer pay the two mortgage loans, he sought a modification. He was able to obtain a trial modification of the larger loan, but negotiation of the smaller loan held by plaintiff fell apart when plaintiff learned of the trial modification of the larger loan and plaintiff eventually “put a lien on the house.” The plaintiffs lien is now frustrating the modification of the larger loan. Defendant asserts that he first learned of the judgment in the instant case sometime in March of 2013 when he discovered a copy of the summons and complaint “stuffed” in his mailbox without any indication that it had been mailed, whereupon defendant sought the advice of Brooklyn Legal Services. Defendant denies receipt of the summons and complaint alleged to have been affixed to his door on February 22, 2011, or that allegedly mailed on February 23, 2011.
In a prior motion by order to show cause issued April 10, 2013, defendant sought, inter alla, dismissal based upon a lack of jurisdiction due to improper service. That motion was returnable on May 15, 2013, at which time defendant failed to appear and the motion was denied without prejudice. Counsel for defendant who filed the earlier motion offers the explanation that the default on May 15 was “due to failure to properly calendar the appearance” (affirmation of David J. Bryan, Esq. in support of cross motion H 25). It is Mr. Bryan’s contention that plaintiff deliberately sought to avoid the legal protections afforded to homeowners who have mortgaged their homes by suing upon the note instead of foreclosing and by failing to provide the notice required under RPAPL 1304.
In reply, plaintiff reiterates its contention that “the underlying action did not entail any type of action with regard to Defendant’s property, much less a foreclosure action” and that RPAPL 1304 is therefore inapplicable. Plaintiff further argues that the requirements of CPLR 5015 have not been met and that the application to vacate the default judgment entered on April 28, 2011 must be denied.* Plaintiff also contends that defendant has waived his defense of lack of jurisdiction by failing *910 to raise it “at the first opportunity.” However, although he defaulted in appearing, defendant did raise such defense in his earlier motion. Since that motion was denied without prejudice, and not upon the merits, defendant was not required to seek re-argument as plaintiff contends.
In the instant motion, defendant does not contest personal jurisdiction, but challenges the viability of the judgment based upon the failure to give the notice required by RPAPL 1304, which is a condition precedent to plaintiffs suit. Notably, in Aurora, defendants had actually participated in mandatory settlement conferences pursuant to CPLR 3408 and plaintiff argued that the failure to provide RPAPL 1304 notice was “inconsequential.” The Court rejected this argument, finding that the argument did “not address the fact that there has been no proof of proper service of RPAPL 1304 notice,” intended to aid the homeowner in avoiding litigation (85 AD3d at 107). The Court held that failure to provide the mandated notice was not a mere irregularity that could be disregarded, concluding that dismissal was warranted in the circumstances. The clear implication of this decision is that the failure to provide RPAPL 1304 notice as a condition precedent to suit renders the judgment fatally defective and requires vacatur.
There is no dispute that 1304 notice was not provided by the plaintiff here. There is thus a clear showing of a meritorious defense. Although “[ojrdinarily, a process server’s affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service” (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589 [2009]; see Washington Mut. Bank v Holt, 71 AD3d 670 [2010]), requiring defendant, in order to warrant a hearing on the issue of service, to swear to detailed and specific facts to rebut the statements in the process server’s affidavit, mere denial of receipt being insufficient (see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743 [2011]; Engel v Boymelgreen, 80 AD3d 653, 654 [2011]), defendant is not presently contesting personal jurisdiction. The fact that he did not “receive” process purportedly served by nail and mail in 2011 may, however, provide a credible excuse for default. Thus, defendant has met the requirements of CPLR 5015 (a) for vacating a default. Moreover, the Supreme Court is vested *911 with the inherent power to vacate its own judgments in the interest of justice and the criteria set forth in CPLR 5015 are neither preemptive nor exhaustive of that authority (see Town of Warwick v Black Bear Campgrounds, 95 AD3d 1002 [2d Dept 2012]; see also Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). Defendant has adequately established that the interests of justice require granting his motion to vacate the default judgment entered against him.
Accordingly, defendant’s cross motion is granted in its entirety. The judgment is vacated and the action is dismissed without prejudice to plaintiffs providing RPAPL 1304 notice as a precondition to commencing a new action. The subpoena duces tecum and restraining notice are vacated. Plaintiffs motion for contempt in failing to comply with the subpoena duces tecum is denied.

 There is no evidence, nor is it argued, that plaintiff served the judgment entered in April 2011 upon defendant at any time prior to the service of the subpoena duces tecum on March 15, 2013, so as to preclude granting defendant relief from his default pursuant to CPLR 5015 (a) (1) or CPLR 317 as *910 untimely (see US Natl. Bank Assn. v Melton, 90 AD3d 742, 744 [2011]). Defendant moved promptly by motion filed April 10, 2013, after discovering the summons and complaint “stuffed” in his mailbox in a plain envelope sometime in March 2013.