■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for HOME EQUITY LOAN ASSET-BACKED TRUST, SERIES INDS 2006-3, Respondent, v COMPTON WEBSTER, Appellant. [37 NYS3d 283]—

In an action to recover on a promissory note, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dear, J.), dated April 30, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability and denied his cross motion, in effect, for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision denying that branch of

the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This action to recover on a promissory note was commenced on January 24, 2014. The subject note was secured by a mortgage, but the plaintiff elected, pursuant to RPAPL 1301, to recover on the note and seek a money judgment. A copy of the note, endorsed in blank, was annexed to the summons and complaint. In his answer, the defendant asserted several affirmative defenses, including lack of standing and failure to comply with certain notice requirements of the RPAPL.

Thereafter, the plaintiff served the defendant with a notice to admit, which included a copy of the note. On this copy of the note, the endorsement in blank was filled in and indicated that the note was endorsed to IndyMac Bank, FSB. This copy of the note also included, on the same page, a second endorsement from IndyMac Bank, FSB, to the plaintiff and an allonge to the note with a third endorsement in blank from the plaintiff.

The plaintiff moved, inter alia, for summary judgment on the complaint. In support, the plaintiff submitted the affidavit of a representative of the servicer of the loan, who stated that the plaintiff acquired the loan on or about October 25, 2006, and, "directly or through its agent, was in possession of the original Note prior to the commencement of this action and remains in possession of the original note." The representative stated that the defendant defaulted on his payment obligation under the terms of the note on March 1, 2011, and that, by letter dated April 15, 2011, the loan servicer advised the defendant of his default. The plaintiff submitted a copy of the letter dated April 15, 2011, the content of which conformed with the 90-day notice requirements of RPAPL 1304 (1). In addition, the plaintiff submitted a copy of the note, endorsed in blank, that was annexed to the complaint, and a copy of the note with three endorsements that was attached to its notice to admit.

The defendant cross-moved, in effect, for summary judgment dismissing the complaint, arguing that the two versions of the note submitted by the plaintiff was evidence of fraud and the plaintiff's lack of standing. The defendant also noted that the representative of the loan servicer did not state in his affidavit when the note was endorsed, nor did he state when the plaintiff received physical possession of the note. Further, the defendant argued that the plaintiff failed to comply with the notice requirements of RPAPL 1304. The defendant acknowledged that the content of the 90-day notice provided by the plaintiff complied with the requirements of RPAPL 1304, but claimed that the notice expired one year after it was sent, on April 15,

2012, before the action was commenced. In reply, the plaintiff asserted that RPAPL 1304 was not applicable because this is not an action to foreclose a mortgage.

In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability and denied the defendant's cross motion, in effect, for summary judgment dismissing the complaint. The court found that the plaintiff made a sufficient showing that it was in possession of the note at the time of the commencement of the action and, thus, that it had standing. Further, the court determined that RPAPL 1304 was not applicable because this is not a mortgage foreclosure action. The defendant appeals.

On the question of standing, the plaintiff contends that it was the holder of the note at the time the action was commenced and was in physical possession of the note at the time the action was commenced. The term "holder" is defined in UCC 1-201 (b) (21) (A) as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (*see Slutsky v Blooming Grove Inn*, 147 AD2d 208, 212 [1989]). Further, a plaintiff who has physical possession of the original note on the date of commencement of the action has standing (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]).

The attachment of a properly endorsed note to the complaint may be sufficient to establish, prima facie, that the plaintiff is the holder of the note at the time of commencement (*see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643 [2016] [decided herewith]; *JPMorgan Chase Bank, N.A. v Roseman*, 137 AD3d 1222, 1223 [2016]; *Deutsche Bank Natl. Trust Co. v Leigh*, 137 AD3d 841, 842 [2016]; *Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2015]). Here, although the plaintiff appended a copy of the note to the complaint, the plaintiff's submission of two different copies of the note with different endorsements in support of its motion for summary judgment fails to eliminate a triable issue of fact as to whether the plaintiff was in possession of the original note at the time the action was commenced (*see U.S. Bank N.A. v Handler*, 140 AD3d 948, 949 [2016]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]). Thus, the plaintiff failed to establish, prima facie, that it had standing to commence this action.

RPAPL 1304 (1) states that "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower,

including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" with statutorily mandated content, including that the borrower was in default and "at risk of losing your home." The plain language of the statute provides that the statute is applicable to all legal actions involving home loans commenced against the borrower. A mortgage foreclosure action is one type of legal action, but an action to recover on a note secured by a mortgage is another type of legal action. Accordingly, RPAPL 1304 applies to this action (see *Cadelrock Joint Venture, L.P. v Callender*, 41 Misc 3d 903 [Sup Ct, Kings County 2013]).

Here, the plaintiff submitted a copy of the RPAPL 1304 notice sent to the defendant. The defendant contends that the notice, dated April 15, 2011, expired one year later, and therefore was not in effect when the instant action was commenced in January 2014. In support of that contention, the defendant cites RPAPL 1304 (4), which states that "[t]he notice and the ninety day period required by subdivision one of this section need only be provided once in a twelve month period to the same borrower in connection with the same loan." However, RPAPL 1304 (4) stands for the proposition that where there are multiple defaults in the 12-month period, only one RPAPL 1304 notice is required (see *Chase Home Fin., LLC v Iglio*, 2014 NY Slip Op 31318[U] [Sup Ct, Suffolk County 2014]). The statutory language does not state that the action must be commenced within 12 months of the RPAPL 1304 notice. Thus, contrary to the defendant's contention, the plaintiff did not fail to comply with the statute by not sending RPAPL 1304 notice within 12 months prior to commencing the action.

Accordingly, the Supreme Court properly denied the defendant's cross motion, in effect, for summary judgment dismissing the complaint, but should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.