Deutsche Bank Natl. Trust Co. v Benson (2020 NY Slip Op 00259)





Deutsche Bank Natl. Trust Co. v Benson


2020 NY Slip Op 00259


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-05857
 (Index No. 54081/17)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Andrew Benson, etc., respondent, et al., defendants.


Sandelands Eyet LLP, New York, NY (Mindy L. Kallus of counsel), for appellant.
Garvey, Cushner & Associates, PLLC (Larkin Farrell, LLC, New York, NY [William R. Larkin], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated April 10, 2018. The order granted that branch of the motion of the defendant Andrew Benson which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him for lack of standing.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Andrew Benson which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him for lack of standing is denied.
In February 2007, the defendant Andrew Benson (hereinafter the defendant) executed and delivered to Countrywide Bank, N.A., a consolidation, extension, and modification agreement and consolidated note and mortgage combining two previous notes and mortgages to form a single lien against the defendant's property. The plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant filed a pre-answer motion pursuant to CPLR 3211(a)(1) and (3) to dismiss the complaint insofar as asserted against him for lack of standing. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(3), and the plaintiff appeals.
A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; U.S. Bank N.A. v Clement, 163 AD3d 742, 743; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "A holder' is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684, quoting UCC 1-201[b][21]; see U.S. Bank N.A. v Clement, 163 AD3d at 743; Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638). "Where the instrument is endorsed in blank, it may be negotiated by delivery" (U.S. Bank N.A. v Clement, 163 AD3d at 743; see UCC 3-202[1]; 3-204[2]).
In a mortgage foreclosure action, on a defendant's pre-answer motion to dismiss a complaint on the ground that the plaintiff lacked standing to commence the action, "the burden is [*2]on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60; see U.S. Bank N.A. v Clement, 163 AD3d at 743; New York Community Bank v McClendon, 138 AD3d 805, 806). "The attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate, prima facie, that the plaintiff was the holder of the note when the action was commenced" (Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 791; see CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152).
Here, the defendant, as the moving party, failed to make a prima facie showing that the plaintiff lacked standing to commence this action. In support of his motion, the defendant submitted a copy of the complaint, to which was annexed, among other things, a copy of the consolidated note. The consolidated note was endorsed by Countrywide Bank, N.A., to Countrywide Home Loans, Inc., and, in turn, by Countrywide Home Loans, Inc., in blank. This evidence established that the plaintiff was in physical possession of the consolidated note at the time this action was commenced (see U.S. Bank N.A. v Clement, 163 AD3d at 743-744; cf. US Bank N.A. v Coppola, 156 AD3d 934; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492). Under these circumstances, the validity of the purported assignments of the note and mortgage is irrelevant to the issue of the plaintiff's standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him regardless of the sufficiency of the plaintiff's opposing papers (see Deutsche Bank Natl. Trust Co. v Murray, 176 AD3d 1172, 1174; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., AUSTIN, HINDS-RADIX, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court