Solo Group LLC, Series 9 v Harris (2023 NY Slip Op 01056)

Solo Group LLC, Series 9 v Harris

2023 NY Slip Op 01056

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., González, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 381387/08E Appeal No. 17395 Case No. 2022-03979 

[*1]Solo Group LLC, Series 9, Plaintiff-Respondent,
v
Darek J. Harris Also Known as Darek Harris, et al., Defendants, Gonzalo J. Dunia, Defendant-Appellant.

Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Vallely Law PLLC, Syosset (Natalia Thomas of counsel), for respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.) entered on or about July 28, 2022, which denied defendant's motion to renew a prior order granting plaintiff's motion for summary judgment, unanimously affirmed, with costs.
"A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (Deutsche Bank Natl. Trust Co. v Benson, 179 AD3d 767, 768 [2d Dept 2020]; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]).
Defendant fails to explain how his sole new fact, namely plaintiff's purportedly conflicting statements regarding whether the holder of the note is "Solo Group LLC" or "Solo Group LLC, Series 9," would have changed the outcome of the prior motion, especially in light of the fact that the parties already presented this purported conflict in an earlier proceeding before the US Bankruptcy Court for the Southern District of New York. Despite this evidence, the Bankruptcy Court ruled that plaintiff was the holder of the note and had capacity to sue, a decision that was upheld by the federal district court.
Defendant also fails to provide a reasonable justification for his failure to present, on the prior motion, the remaining facts challenging plaintiff's capacity to sue and standing, namely that the New York State Division of Corporations database did not show an entity named "Solo Group LLC, Series 9" was registered to conduct business in this State, and that the assignment to plaintiff's predecessor in interest, Countrywide Home Loans, Inc., may have been defective. Both plaintiff's capacity to sue and the question of whether the chain of assignments had established Countrywide's standing, and then plaintiff's standing had been addressed previously in this action. Defendant had the reason and the opportunity to address these facts at that time and fails to explain why it did not take advantage of that opportunity.
We have considered defendant's remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023